JOHN D. MUNDING
CRUMB & MUNDING, P.S.
111 S. Post Street, PH 2290
Spokane, WA 99201
(509) 624-6464
munding@crumb-munding.com

Attorney for Debtor in Possession.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **In re** <br> **CENTURION PROPERTIES III, LLC,** <br><br> **Debtor.** | Case No. 10-04024-FLK 11 <br><br> Chapter 11 <br><br> **DECLARATION OF MICHAEL E. HENRY IN SUPPORT OF MOTION TO USE CASH COLLATERAL** |

I, MICHAEL E. HENRY, declare and state under penalty of perjury of the laws of the State of Washington as follows:

1. I am a resident of the State of Washington and over the age of majority. I have personal knowledge of the facts set forth herein and I am competent to testify thereto.
DECLARATION OF MICHAEL E. HENRY IN SUPPORT OF MOTION
TO USE CASH COLLATERAL - 1

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 8    Filed 07/13/10    Entered 07/13/10 16:35:21    Pg 1 of 5

2. I am the owner of Sigma Management, Inc. and SMI Group XIV, LLC. I am familiar with the books, records and business activities of each entity.

3. SMI Group XIV, LLC is the Managing Member of the Debtor, Centurion Properties III, LLC ("CP III"). I am fully familiar with the business records and business affairs of CP III.

4. Attached hereto and incorporated herein by reference as Exhibit A is a true and correct copy of my Declaration filed on February 4, 2010 in the case of Centurion Properties III, LLC v. Tom Hazelrigg, et al. in the Renton County Superior Court, identified by Case Number 10-2-00301-8. I submit the Declaration to this Court for consideration and adopt my prior testimony.

5. Attached hereto and incorporated herein by reference as Exhibit B is a true and correct copy of my Declaration filed on June 21, 2010 in the case of General Electric Capital Corporation v. Centurion Properties III, LLC, et al. in the Benton County Superior Court, identified by Case Number 10-2-00372-7. I submit the Declaration to this Court for consideration and adopt my prior testimony.

6. In supplement to my prior Declarations, attached hereto and incorporated herein as Exhibit C is a Lockbox spreadsheet representative of payments in and payments out of the Lockbox during the past six months. As noted, herein Battelle pays monthly Base Rent of $556,009.28.

DECLARATION OF MICHAEL E. HENRY IN SUPPORT OF MOTION
TO USE CASH COLLATERAL - 2

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 8    Filed 07/13/10    Entered 07/13/10 16:35:21    Pg 2 of 5

7. Prior to the default of November 2009, the Debtor made monthly payments to GECC based upon 6.36 percent of the outstanding loan balance. The payments were approximately $330,000.00. The difference between the Base Rent of $556,009.28 and the monthly loan payments was remitted back to the Debtor.

8. The Debtor has all triple-net leases. The way all operational costs are paid is that the property manager prepares a service rate year-end reconciliation document that includes projections of service costs to be incurred for the upcoming lease year. That documentation includes details on past experience and projection analysis detail that explains any anomalies in the projected rates. A lease supplement is then drafted, based on that documentation, and executed by the parties wherein the tenant pays monthly the projected amount in 12 equal payments. At the end of the lease year, the process starts over with the same documentation that includes any reconciliation amounts between the previous payments and actual costs incurred. Attached hereto as Exhibit D are examples of the reconciliation/projection documentation as well as subsequent lease supplements that are done for each building every year.

9. The Debtor is at risk when service costs actually exceed the projected amounts paid by the tenant until reconciliation occurs which could be as much as three months past the end of the lease year. Prior to the GECC Lockbox, the Debtor used to

DECLARATION OF MICHAEL E. HENRY IN SUPPORT OF MOTION
TO USE CASH COLLATERAL - 3

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 8    Filed 07/13/10    Entered 07/13/10 16:35:21    Pg 3 of 5

have reserve accounts to draw from to cover any potential shortfalls. For example, if a 50-ton air handler were to fail one month into the lease year, and the projected payments did not anticipate that, then the Debtor must pay for the replacement (could be as much as $150,000.00 in just one example) when it occurs but would not get reimbursed for the cost until 12 – 14 months later.

10. Attached hereto and incorporated herein by reference as Exhibit E is a spreadsheet of "Service Rent Projection" for the period of July 2010 through September 2010. The rent shortfall is estimated at $645,584.00.

11. In February of 2010 the GECC Lockbox had in it $396,000.00 of unreleased service payments from the tenant that GECC arbitrarily applied to principal on their note. This is money that, if not used to pay for actual services costs on the properties within the lease year, will be required by the lease (under the year-end reconciliation), to be paid back to the tenant. In fact, the Debtor needs those monies returned in order to complete the service work agreed to between the parties by the end of the lease year.

12. I also calculated the increased costs associated with administration and management of the Debtor. Attached hereto as Exhibit F is a true and correct copy of an estimate of the next 90 days.

DECLARATION OF MICHAEL E. HENRY IN SUPPORT OF MOTION
TO USE CASH COLLATERAL - 4

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 8    Filed 07/13/10    Entered 07/13/10 16:35:21    Pg 4 of 5

13. Attached hereto and incorporated herein as Exhibit G is a true and correct copy of excerpts of the Self Contained Appraisal Report dated May 14, 2008 which valued the Debtor's leasehold interest at $98 million.

14. Based upon my experience with the Debtor and involvement in litigation in the Superior Court for the County of Benton, State of Washington, I believe a monthly reserve of $25,000.00 per month for litigation expenses is necessary and appropriate.

15. I also believe a general reserve for bankruptcy counsel of $20,000.00 per month is appropriate and necessary.

16. The Debtor has exhausted all reserves as a result of GECC's decision to withhold all rents under the Lockbox.

I declare under the penalty of perjury of the laws of the State of Washington that the forgoing is true and correct.

Signed this 13th day of July, 2010 at Kennewick, Washington.

_____
MICHAEL E. HENRY

p:\files\centurion prop\2010.023

DECLARATION OF MICHAEL E. HENRY IN SUPPORT OF MOTION
TO USE CASH COLLATERAL - 5

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155