JOHN D. MUNDING
CRUMB & MUNDING, P.S.
111 S. Post Street, PH 2290
Spokane, WA 99201
(509) 624-6464
munding@crumb-munding.com

Attorney for Debtor-in-Possession.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>**CENTURION PROPERTIES III, LLC,**<br><br>Debtor. | Case No. 10-04024-FLK 11<br><br>Chapter 11<br><br>**SUBMITTAL OF PROPOSED "INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL"** |

The Debtor, Centurion Properties III, LLC, in anticipation of hearing of July 15, 2010 at 2:45 p.m. submits the following proposed Order.

DATED this 14th day of July, 2010.

CRUMB & MUNDING, P.S.

_____
JOHN D. MUNDING, WSBA #21734
Attorneys for Debtor-in-Possession.

p:\files\Centurion\2010.029

SUBMITTAL OF PROPOSED "INTERIM ORDER AUTHORIZING
USE OF CASH COLLATERAL" - 1

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

JOHN D. MUNDING
CRUMB & MUNDING, P.S.
111 S. Post Street, PH 2290
Spokane, WA 99201
(509) 624-6464
munding@crumb-munding.com

Attorney for Debtor-in-Possession.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **In re** | Case No. 10-04024-FLK 11 |
| **CENTURION PROPERTIES III, LLC,** | Chapter 11 |
| Debtor. | **FIRST INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PENDING FUTURE ORDER** |

THIS MATTER, having come before the Court on the Debtor's Expedited Motion for Interim Order Authorizing Use of Cash Collateral Pending Final Order, pursuant to 11 U.S.C. § 363, FRBP 9014, and LBR 4001-2, and it appearing from the evidence before the Court that the relief requested is in the best interest of the Debtor, the Debtor's Estate, the creditors and other parties in interest; and it appearing that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

First Interim Order Authorizing Use of Cash Collateral
Pending Future Order - 1

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 13    Filed 07/14/10    Entered 07/14/10 16:51:30    Pg 2 of 7

and it appearing that venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion were appropriate under the circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED**:

1. The Motion is hereby **granted**;

2. The Debtor is authorized, in the reasonable exercise of its business judgment, to use cash collateral for:

   a. Task Order Request – July 14, 2010;
   
   b. Service Rent Request – July 14, 2010; and
   
   c. Service Rent shortfall and Administrative Costs up to $225,000.00.

Attached hereto and incorporated by reference herein are Appendix "A," a history of Task Order Requests and Appendix "B," Copies of outstanding invoices.

3. GECC is directed to release from the Lockbox to the Debtor the amount of $481,815.68 representing the following:

   a. July 14, 2010 – Task Order Request $123,500.52;
   
   b. July 14, 2010 – Service Order Request $133,315.16; and
   
   c. The sum of $225,000.00 service and administrative reserve.

Said Task Order and Service Order Requests being the amounts referenced in Appendices A and B attached hereto.

4. GECC shall receive a distribution from the Lockbox of $330,000.00 representing an adequate assurance payment from Base Rents paid by Battelle each month of approximately $556,009.28.

FIRST INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PENDING FUTURE ORDER - 2

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464

10-04024-FLK11   Doc 13   Filed 07/14/10   Entered 07/14/10 16:51:30   Pg 3 of 7

5. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order;

6. GECC is entitled to adequate protection of their respective interests in connection with the Debtor's use of cash collateral and imposition of the Automatic Stay.

7. In consideration for the continued use of cash collateral, GECC's first lien upon property owned, leased or otherwise controlled by the Debtor, and products, rents and proceeds, is hereby confirmed subject to further review of this Court.

8. So long as the Debtor is authorized to use cash collateral pursuant to this Order, the Debtor shall not seek any order under 11 U.S.C. § 364(d)(1) with respect to any property of the Estate which is subject to a security interest of GECC except for a loan whose proceeds would be used to pay GECC's loan in full;

9. if the protections afforded herein are, in retrospect, inadequate or otherwise fail to adequately protect GECC's interest, GECC may be entitled to the full extent of any deficiency, to the full priority afforded by Section 507(b) of the Bankruptcy Code.

10. The Debtor reserves the ability to seek additional use of cash collateral related to such anticipated expenditures; and GECC shall have the ability to withhold its consent, object to, contest, and challenge any such additional use of cash collateral.

11. Within 15 days after the entry of this Order, the Debtor shall provide a more detailed operating budget to GECC that identifies more particularly the items for which the cash collateral ("Rents") will be expended;

12. The Debtor reserves the right to challenge default interest, penalties and attorney's fees being asserted under the loan agreement, and GECC shall have the right to defend and protect its rights.

First Interim Order Authorizing Use of Cash Collateral
Pending Future Order - 3

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464

10-04024-FLK11    Doc 13    Filed 07/14/10    Entered 07/14/10 16:51:30    Pg 4 of 7

13. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

14. The Debtor may use the cash collateral only for the purpose of paying expenditures, in the ordinary course of business and subject to the provisions of the Bankruptcy Code and such restrictions as may be imposed by the Court.

15. GECC is hereby granted a security interest pursuant to 11 U.S.C. § 522 and to the extent provided in the existing security documents or applicable non-bankruptcy law, to extend to the Debtor's property acquired before the petition date and to proceeds, products, rents or profits of such property acquired by the Debtor after the petition date, and a lien upon all post-petition collateral of the same nature and extent and in all proceeds there from ("Replacement Collateral") as held by GECC pre-petition, to secure and diminution in value of the cash collateral after the petition (the "Adequate Protection Lien").

16. Each Adequate Protection Lien is deemed valid and enforceable as of the petition date. The granting of the Adequate Protection Lien is in addition to the liens and security interests of GECC in its existing collateral. The Replacement Collateral is governed by all the terms of the Notes, security agreements and other financial documents covering the collateral of GECC, unless contrary to law or inconsistent with this Motion. The Adequate Protection Liens are deemed attached and perfected automatically and retrospectively to the petition date by entry of this Order Authorizing the use of cash collateral in accordance with this Motion. GECC shall be required to record mortgages or file financing statements in order to prefect is Adequate Protection Lien. The Debtor shall provide receivable and inventory reports

First Interim Order Authorizing Use of Cash Collateral
Pending Future Order - 4

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 13    Filed 07/14/10    Entered 07/14/10 16:51:30    Pg 5 of 7

to GECC as requested, but not more than once a month. In addition, the Debtor shall allow GECC access, no more than monthly, to audit the status of accounts receivable and inventory, on reasonable notice.

17. The Debtor shall honor the covenants in the existing security documents relating to insurance coverage on the existing collateral and insurance coverage shall continue in full force and effect as to the existing collateral.

18. The Debtor shall timely file all United States Trustee Operating Reports and provide copies to each Cash Collateral Lender.

19. Any of the following events would constitute an event of default:

    a. Failure of the Debtor to comply with the terms of this Order;

    b. Entry of an order or judgment (i) terminating the authority of the Debtor to use all or any portion of the existing collateral or Replacement Collateral; or (ii) dismissing this bankruptcy case or converting this case to a Chapter 7 case; or (iii) appointment of a Trustee; and

    c. This Order being vacated, amended (other than by agreement of the parties with the approval of the Court), reversed or stayed.

20. Upon the occurrence of an event of default and the expiration of ten (10) business days following the date of the receipt of a written notice of default by the Debtor and their counsel, and the failure to cure such default within a ten (10) business day period, the authority of the Debtor to use the existing collateral or Replacement Collateral hereunder shall immediately and automatically terminate, although the Debtor would retain the right to seek further use of the cash collateral upon different terms by Motion and approval of the Court. A hearing in connection with a default may be noted on an expedited basis by either the Debtor or GECC.

FIRST INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PENDING FUTURE ORDER - 5

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11   Doc 13   Filed 07/14/10   Entered 07/14/10 16:51:30   Pg 6 of 7

21. The authority of the Debtor to use cash collateral would expire upon the occurrence of an event of default as defined herein, or upon Order of the Court.

Presented by:

CRUMB & MUNDING, P.S.

*/s/ John D. Munding*

---
JOHN D. MUNDING, WSBA #21734
Attorneys for Debtor-in-Possession.

p:\files\Centurion\2010.028

FIRST INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PENDING FUTURE ORDER - 6

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 13    Filed 07/14/10    Entered 07/14/10 16:51:30    Pg 7 of 7