JOHN D. MUNDING
CRUMB & MUNDING, P.S.
111 S. Post Street, PH 2290
Spokane, WA 99201
(509) 624-6464
munding@crumb-munding.com

Attorney for Debtor-in-Possession.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>**CENTURION PROPERTIES III, LLC,**<br><br>Debtor. | Case No. 10-04024-FLK 11<br><br>Chapter 11<br><br>**FIRST INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PENDING FUTURE ORDER** |

THIS MATTER, having come before the Court on the Debtor's Expedited Motion for Interim Order Authorizing Use of Cash Collateral Pending Final Order, pursuant to 11 U.S.C. § 363, FRBP 9014, and LBR 4001-2, and the Response thereto of General Electric Capital Corporation ("GECC"). It appearing from the evidence before the Court the entry of this Order is in the best interest of the Debtor, the Debtor's Estate, the creditors and other parties in interest; and it appearing that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334; and it

FIRST INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PENDING FUTURE ORDER - 1

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

appearing that the proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion were appropriate under the circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED**:

1. The Motion is hereby **granted in part and denied in part** as set forth herein;

2. The Debtor is authorized to use cash collateral held in the Lockbox for payment of:

   a. The July 14, 2010 - Task Order Request in an amount not to exceed $123,500.52, as identified in the invoices previously filed with the Court and;

   b. The July 14, 2010 - Service Order Request in an amount not to exceed $133,315.16, as identified in the invoices previously filed with the Court.

   c. The Debtor is also authorized on an interim basis to receive the sum of $82,000.00 for purposes of anticipated and unanticipated maintenance and repair expenses of the Battelle Property. This money shall be placed in the Debtor's account, with expenditures there from accounted for by the Debtor within thirty days of the date expended.

   d. The July 31, 2010 - Task Order and Services Order Requests shall be submitted to GECC by the Debtor in a similar manner to those Task Order and Service Order requests of July 14, 2010

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

which shall be paid and funds released from the Lockbox to the Debtor upon approval by GECC, in accordance with terms of this Order.

3. Subject to its confirmation that the expenses covered by such Task Order Request and Service Order Request are for expenses reasonably related to the maintenance and repair of the Battelle Property, GECC is directed to instruct Deutsche Bank to release from the Lockbox to the Debtor the amount of $338,815.68, representing the sum of the amounts set forth in paragraph 2.a, 2.b and 2.c.

4. Without prejudice to its claim to be paid default rate interest on its loan to the Debtor, GECC is authorized to instruct Deutsche Bank to release from the Lockbox to GECC the amount of $330,000.00, representing the uncontested minimum amount of adequate protection payment that GECC is entitled to receive for the month of July 2010.

5. The Debtor, GECC and Deutsche Bank are authorized and empowered to take all actions necessary to implement the relief granted in this Order, and the Stay is hereby lifted to permit GECC to apply the payment described in paragraph 4 hereof to the outstanding amount of GECC's loan to the Debtor in such order and manner as GECC may be entitled to pursuant to its agreements with the Debtor.

6. GECC is entitled to adequate protection of its respective interests in connection with the Debtor's use of cash collateral and imposition of the automatic stay. At this time, however, the Court makes no findings or conclusions with respect to the value of the Debtor's property, the "equity cushion," if any, that GECC has therein or the adequacy of any such equity cushion as adequate protection.

7. In consideration for the use of cash collateral, pursuant to this Order, GECC's first lien upon property owned, leased or otherwise controlled by the Debtor,

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

and products, rents and proceeds, is hereby confirmed subject to further review of this Court.

8. So long as the Debtor is authorized to use cash collateral pursuant to this Order, the Debtor shall not seek any order under 11 U.S.C. § 364(d)(1) with respect to any property of the Estate which is subject to a security interest of GECC except for (i) a loan whose proceeds would be used to pay GECC's loan in full, and (ii) as GECC may agree in writing.

9. If the protections afforded herein are, in retrospect, inadequate or otherwise fail to adequately protect GECC's interest, GECC may be entitled to the full extent of any deficiency, to the "super-priority" afforded by Section 507(b) of the Bankruptcy Code.

10. The Debtor reserves the ability to seek additional use of cash collateral; and GECC shall have the ability to withhold its consent, object to, contest, and challenge any such additional use of cash collateral.

11. Except in case of emergency, unless GECC agrees otherwise in writing, the Debtor is directed to provide GECC (i) at least 15 days' prior notice particularly identifying the items for which the Debtor proposes to make further use cash collateral together with (ii) a detailed operating budget for the month or months included in the period during which such cash collateral is proposed to be expended.

12. The Debtor reserves the right to challenge default interest, penalties and attorney's fees being asserted under the loan agreement, and GECC reserves the right to claim the same, and shall otherwise have the right to defend and protect its right in such manner as it may determine.

FIRST INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PENDING FUTURE ORDER - 4

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

13. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry;

14. The Debtor may use GECC's cash collateral (i) only to the extent set forth in paragraph 2 of this Order, and (ii) solely for the purpose of paying expenditures, in the ordinary course of its business and (iii) subject at all times to the provisions of this Order, the Bankruptcy Code and such restrictions as may be imposed by the Court.

15. As part of the adequate protection of GECC's interest in cash collateral, GECC is hereby granted a security interest pursuant to 11 U.S.C. § 552 and to the extent provided in the existing security documents or applicable non-bankruptcy law, to extent to the Debtor's property acquired before the petition date and to proceeds, products, rents or profits of such property acquired by the Debtor after the petition date, and a lien upon all post-petition collateral of the same nature and extent and in all proceeds there from ("Replacement Collateral") as held by GECC pre-petition, to secure any diminution in value of the cash collateral after the petition date (the "Adequate Protection Lien").

16. The Adequate Protection Lien is deemed valid and enforceable as of the petition date. The granting of the Adequate Protection Lien is in addition to the liens and security interests of GECC in its existing collateral. The Replacement Collateral is governed by all the terms of the Notes, security agreements and other financial documents covering the collateral of GECC, except to the extent (if at all) directly contrary to the terms this Order. The Adequate Protection Lien is deemed attached and perfected automatically and retrospectively to the petition date by entry of this Order. GECC shall not be required to record mortgages or file financing statements in

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

order to perfect the Adequate Protection Lien. The Debtor shall provide (i) rental, property maintenance, receivable and inventory reports to GECC on or before the [first] day of each calendar month this Order (or a replacement cash collateral order) is in effect commencing on August [1], 2010, and (ii) such other information relating to the Battelle Property and its leasing as GECC may reasonably request from time to time. In addition, the Debtor shall allow GECC access, no more than monthly, to audit the status of rental, property maintenance, accounts receivable and inventory, on reasonable notice.

17. The Debtor shall honor the covenants in the existing security documents relating to insurance coverage on the existing collateral and insurance coverage shall continue in full force and effect as to the existing collateral.

18. The Debtor shall timely file all United States Trustee Operating Reports and provide copies to each Cash Collateral Lender.

19. Any of the following events shall constitute an event of default:

   a. Failure of the Debtor to comply with the terms of this Order;
   
   b. Entry of an order or judgment (i) terminating the authority of the Debtor to use all or any portion of the existing collateral or Replacement Collateral; or (ii) dismissing this bankruptcy case or converting this case to a Chapter 7 case; or (iii) appointment of a Trustee; and
   
   c. This Order being vacated, amended (other than by agreement of the parties with the approval of the Court), reversed or stayed.

20. Upon the occurrence of an event of default and the expiration of five (5) business days following the date of the receipt by the Debtor or its counsel of a written notice of default from GECC or its counsel, and the failure of the Debtor to cure such

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

default within a ten (10) business day period (except in the case of a payment default, which must be cured within two (2) business days after notice), the authority of the Debtor to use the existing collateral or Replacement Collateral hereunder shall immediately and automatically terminate, although the Debtor would retain the right to seek relief from the Court. A hearing in connection with a default may be noted on an expedited basis by either the Debtor or GECC, but GECC shall not be required to obtain a hearing or further order of the Court if the Debtor does not contest a default within the time provided in this paragraph.

21. The authority of the Debtor to use cash collateral will automatically terminate, without further action by GECC, the Debtor or the Court, upon the occurrence of an event of default as defined herein, or upon Order of the Court.

Presented by:

CRUMB & MUNDING, P.S.

/s/ John D. Munding

JOHN D. MUNDING, WSBA #21734
Attorneys for Debtor-in-Possession.

Approved as to form,
Notice of Presentation Waived.

/s/ David B. Levant

DAVID B. LEVANT, WSBA #20528
Attorneys for General
Electric Capital Corporation

p:\files\Centurion\2010.028

FIRST INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PENDING FUTURE ORDER - 7

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

default within a ten (10) business day period (except in the case of a payment default, which must be cured within two (2) business days after notice), the authority of the Debtor to use the existing collateral or Replacement Collateral hereunder shall immediately and automatically terminate, although the Debtor would retain the right to seek relief from the Court. A hearing in connection with a default may be noted on an expedited basis by either the Debtor or GECC, but GECC shall not be required to obtain a hearing or further order of the Court if the Debtor does not contest a default within the time provided in this paragraph.

21. The authority of the Debtor to use cash collateral will automatically terminate, without further action by GECC, the Debtor or the Court, upon the occurrence of an event of default as defined herein, or upon Order of the Court.

Presented by:
CRUMB & MUNDING, P.S.

/s/ John D. Munding

JOHN D. MUNDING, WSBA #21734
Attorneys for Debtor-in-Possession.

Approved as to form,
Notice of Presentation Waived.

/s/ David B. Levant

DAVID B. LEVANT, WSBA #20528
Attorneys for General
Electric Capital Corporation
p:\files\Centurion\2010.028

FIRST INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PENDING FUTURE ORDER - 7

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

So Ordered this 16th day of July, 2010

Frank L. Kurtz
Bankruptcy Judge

First Interim Order Authorizing Use of Cash Collateral
Pending Future Order - 8

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155