JOHN D. MUNDING
CRUMB & MUNDING, P.S.
The Davenport Tower, PH 2290
111 S. Post Street
Spokane, WA 99201
509-624-6464
munding@crumb-munding.com

Attorneys for Debtor in Possession.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| In re | No. 10-04024-FLK 11 |
| **Centurion Properties III, LLC** | Chapter 11 |
| Debtor. | **DEBTORS SCHEDULES A, B, D, E, F, G, H, AND SUMMARY OF SCHEDULES** |

     Centurion Properties III, LLC hereby submits and files its Schedules A, B, D, E, F, G and H attached hereto.

     DATED this 3rd day of August, 2010.

                     CRUMB & MUNDING, P.S.

                     */s/ John D. Munding*

                     JOHN D. MUNDING, WSBA #21734
                     Attorneys for Debtor-in-Possession.

p:\files\Cenutrion\2010.011

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

# United States Bankruptcy Court
## Eastern District of Washington

In re    **Centurion Properties III, LLC**          Case No. _____

                                  Debtor

                                         Chapter _____ 11 _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 98,000,000.00 | | |
| B - Personal Property | Yes | 4 | 907,255.35 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 93,258,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 22,076,774.88 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 12 | | | |
| | | Total Assets | 98,907,255.35 | | |
| | | | Total Liabilities | 115,334,774.88 | |

# United States Bankruptcy Court
## Eastern District of Washington

In re    **Centurion Properties III, LLC**                   Case No._____

                                  Debtor              ,

                                             Chapter_____11_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

In re **Centurion Properties III, LLC**                    Case No. _____

_____
                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Leasehold interest in real property, including all right title, interest in improvementments situated thereon. Real property is commonly referred to as the Battelle Memorial Institute Campus ("Battelle Office Complex"). The property consists of five buildings, related improvements and common areas, which are part of the Pacific Northwest National Laboratory. (See Attached Description). | Leasehold Interests | - | 98,000,000.00 | 58,258,000.00 |

|  | Sub-Total > | 98,000,000.00 | (Total of this page) |
|---|---|---|---|
|  | Total > | 98,000,000.00 |  |

**0**    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

10-04024-FLK11    Doc 39    Filed 08/03/10    Entered 08/03/10 13:18:07    Pg 4 of 25

## SUMMARY OF SALIENT FACTS

| | | |
|---|---|---|
| **Property Name** | Battelle Campus | |
| **Location** | 3200-3350 Q Avenue and 620 Battelle Boulevard, Richland, Benton County, WA 99354 | |
| **Assessor's Parcel Number** | Multiple | |
| **Highest and Best Use** | | |
| As Vacant | Office/Business Park | |
| As Improved | Existing Use | |
| **Property Rights Appraised** | Sandwich Leasehold Interest | |
| **Land Area** | 42.30 AC | 1,842,637 SF |
| **Improvements** | | |
| Property Type | Office          (Office Park) | |
| Number of Buildings | 5 | |
| Number of Stories | 1 & 2 | |
| Gross Building Area | 340,104 SF | |
| Net Rentable Area | 340,104 SF | |
| Year Built | 1990 - 2001 | |
| Condition | Good | |
| **Major Tenants** | | |
| Battelle Memorial Institute | 340,104 SF | |
| **Estimated Exposure Time** | 9 Months | |
| **Financial Indicators** | | |
| Current Occupancy | 100.0% | |
| Stabilized Occupancy | 100.0% | |
| Overall Capitalization Rate | 6.75% | |
| Discount Rate | 8.00% | |
| Terminal Capitalization Rate | 7.25% | |

| **Pro Forma Operating Data** | Total | Per SF |
|---|---|---|
| Effective Gross Income | $8,654,540 | $25.45 |
| Operating Expenses | $1,892,698 | $5.57 |
| Expense Ratio | 21.87% | |
| Net Operating Income | $6,761,842 | $19.88 |

© 2008 CB Richard Ellis, Inc.

**VALUATION**

| | Total | Per SF |
|---|---|---|
| Sales Comparison Approach | $96,600,000 | $284.03 |
| Income Capitalization Approach | $99,800,000 | $293.44 |
| Insurable Value | $41,100,000 | $120.85 |

| CONCLUDED MARKET VALUE | | | |
|---|---|---|---|
| **Appraisal Premise** | **Interest Appraised** | **Date of Value** | **Value** |
| As Is | Sandwich Leasehold Interest | May 14, 2008 | $98,000,000 |
| Compiled by CBRE | | | |

## EXTRAORDINARY ASSUMPTIONS & HYPOTHETICAL CONDITIONS

None noted.

© 2008 CB Richard Ellis, Inc.

# INTRODUCTION

## PROPERTY IDENTIFICATION

The subject consists of a five-building suburban research office park totaling 340,104 square feet of net rentable area. The buildings were constructed from 1990 to 2001. The entire facility is in good condition and is a Class A property in this market. Currently, the property is 100% occupied/leased to Battelle Memorial Institute and is operating at stabilized occupancy.

The improvements are situated on a 42.3-acre (1,842,637 square feet) tract of land owned by Battelle Memorial encumbered by five long-term ground leases to Centurion Properties III, LLC with lease terms that expire in 2051, 2052, 2053 and 2060. Centurion Properties III, LLC owns the leasehold improvements and has leased 340,104 square feet, or the total building area to Battelle Memorial Institute though September 2017 for two buildings and through September 2018 for the remaining three. It is duly noted that the Ground Lessor (Battelle Memorial Institute) and the Building Lessee (Battelle Memorial Institute) are the same entity and are in effect charging a ground rental payment back to themselves. Additionally, when the ground lease expires, the leasehold improvements will revert back to the current tenant, Battelle Memorial Institute as they are the same entity as the Ground Lessor.

## OWNERSHIP AND PROPERTY HISTORY

According to county records, title to the subject's leasehold improvements is currently vested in the name of Centurion Properties III, LLC (Centurion). Sigma Financial Group (Sigma) was the original developer of the project and entered into a Purchase Commitment for the property with CRIC Capital, LLC (CRIC) dated June 1, 2005. On December 30, 2005, Sigma granted CRIC a rolling extension of commitment until July 31, 2006. CRIC exercised the commitment on July 17, 2006. The purchase price was $72,000,000. As of July 31, 2006, CRIC assigned the purchase agreement for $72,000,000 to Centurion for $2,500,000. Centurion purchased the property from Sigma for a total price of $74,500,000; $72,000,000 to Sigma and $2,500,000 to CRIC in November 2006.

The site is owned by Battelle Memorial Institute, and they have owned the site for at least the past 18 years. Battelle leases the site to the subject Centurion Properties III LLC, who in turn leases the improvements back to Battelle.

There have been no other sales of the subject over the last three years. This most recent sale was reported to be arm's length and based on cash or cash equivalent terms. To the best of our knowledge, the subject is not being marketed for sale.

© 2008 CB Richard Ellis, Inc.

10-04024-FLK11    Doc 39    Filed 08/03/10    Entered 08/03/10 13:18:07    Pg 7 of 25

## INTENDED USE AND USER OF REPORT

This appraisal is to be used by the client for interim financing purposes. The intended user of the report is Centurion Finance.

## PROPERTY RIGHTS APPRAISED

At the request of the client, the interest appraised represents the fee simple estate subject to the existing lease agreements (if applicable). Therefore, the purpose of this assignment is to estimate the market value of the interest/estate attributed to the existing improvements of the property, subject to the long-term ground lease. As such, the property rights appraised in this assignment constitute the leasehold (sandwich leasehold) interest of the improvements subject to the ground lease.

A *leasehold interest* is defined as "the interest held by the lessee (the tenant or renter) through a lease conveying the rights of use and occupancy for a stated term under certain conditions."

In contrast, a *leased fee interest* is defined as "an ownership interest held by a landlord with the right of use and occupancy conveyed by lease to others. The rights of the lessor (the leased fee owner) and the leased fee are specified by contract terms contained within the lease."

Finally, a *fee simple interest* "absolute ownership unencumbered by any other interest or estate, subject only to the limitations imposed by the governmental powers of taxation, eminent domain, police power, and escheat."

The following table summarizes the various ownership positions and interest appraised.

| Ground Lessor | Ground Lessee/Building Lessor | Building Lessee |
|---|---|---|
| Battelle Memorial Institute | Centurion Properties III, LLC | Battelle Memorial Institute |
| Leased Fee Interest in Land | Leasehold Interest in Land Leased Fee Interest in Building | Leasehold Interest in Building |
| Leased Fee | Leasehold (Sandwich Leasehold) | Subleasehold |

The ownership position appraised for this assignment is from the perspective of Centurion Properties III, LLC and constitutes estimating the market value of the leasehold (sandwich leasehold) interest. At the expiration of the ground lease, ownership of the leasehold improvements will revert back to BMI, which is currently the owner of the subject site, as well as being the current tenant.

## SCOPE OF WORK

The scope of the assignment relates to the extent and manner in which research is conducted, data is gathered and analysis is applied, all based upon the following problem-identifying factors stated elsewhere in this report:

© 2008 CB Richard Ellis, Inc.

10-04024-FLK11    Doc 39    Filed 08/03/10    Entered 08/03/10 13:18:07    Pg 8 of 25

## RECONCILIATION OF VALUE

The value indications from the approaches to value are summarized as follows:

| SUMMARY OF VALUE CONCLUSIONS | |
| --- | --- |
| Sales Comparison Approach | $96,600,000 |
| Income Capitalization Approach | $99,800,000 |
| Reconciled Value | $98,000,000 |
| Compiled by CBRE | |

The cost approach typically gives a reliable value indication when there is strong support for the replacement cost estimate and when there is minimal depreciation. Considering amount of depreciation present in the property, the reliability of the cost approach is diminished. Therefore, the cost approach is considered not applicable to the subject.

In the sales comparison approach, the subject is compared to similar properties that have been sold recently or for which listing prices or offers are known. The sales used in this analysis are considered comparable to the subject, and the required adjustments were based on reasonable and well-supported rationale. In addition, market participants are currently analyzing purchase prices on investment properties as they relate to available substitutes in the market. Therefore, the sales comparison approach is considered to provide a reliable value indication and has been given considerable emphasis in the final value reconciliation.

The income capitalization approach is applicable to the subject since it is an income producing property leased in the open market. Market participants are primarily analyzing properties based on their income generating capability. Therefore, the income capitalization approach is considered a reasonable and substantiated value indicator and has been given considerable emphasis in the final value estimate.

Based on the foregoing, the market value of the subject has been concluded as follows:

| MARKET VALUE CONCLUSION | | | |
| --- | --- | --- | --- |
| Appraisal Premise | Interest Appraised | Date of Value | Value Conclusion |
| As Is | Sandwich Leasehold Interest | May 14, 2008 | $98,000,000 |
| Compiled by CBRE | | | |

© 2008 CB Richard Ellis, Inc.

In re **Centurion Properties III, LLC**                    Case No. _____

                                          Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking $11,307.13 Money Market $11,186.22 Bank of Whitman Kennewick Branch Washington** | - | 22,493.35 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                                    Sub-Total >        **22,493.35**
                                                   (Total of this page)

  **3**   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                  Best Case Bankruptcy

In re **Centurion Properties III, LLC**
_____
Debtor

Case No. _____

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Claims to funds deposited and held in Lock Box pursuant to Lock Box Agreement with General Electric Capital Corporation dated October 14, 2008. Debtor reserves all rights and claims associated therewith.** | - | 884,762.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >  **884,762.00**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

In re **Centurion Properties III, LLC**                    Case No. _____

                                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Claims Against Thomas Hazelrigg III, Aaron Hazelrigg, Nicole M. Kelly, Daniel Kirby, Equity Funding, LLC, Centrum Financial Services, Inc., Trident Investment, Inc., Umpqua Bank, Centurion Managment III, LLC, arising from and relating to the Debtor's business and leasehold interests. Litgation Pending. See Attached Caption of Complaint.** | - | Unknown |
| | | **Claims under investigation related to Centurion Southwest, LLC and Centurion Pacific, LLC arising from and related to prior unsecured loans.** | - | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Sub-Total >            0.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

10-04024-FLK11     Doc 39     Filed 08/03/10     Entered 08/03/10 13:18:07     Pg 12 of 25

In re   **Centurion Properties III, LLC**                                     Case No. _____
                                                    _____
                                                        Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 907,255.35 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com            Best Case Bankruptcy

COPY RECEIVED
LAW OFFICE

FEB 0 4 2010

JIM DENTON

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF BENTON

CENTURION PROPERTIES III, LLC; SMI
GROUP XIV, LLC,

               Plaintiffs,

        v.

TOM HAZELRIGG III; AARON
HAZZELRIGG; PATRICK McCOURT;
BARCLAY'S NORTH, INC; NICOLE
KELLY; DANIEL A KIRBY; Trustee – JIM
DENTON; EQUITY FUNDING, LLC;
CENTRUM FINANCIAL; TRIDENT
INVESTMENTS; EVERGREEN BANK;
and JOHN DOES 1-10,

               Defendants.

NO. 10-2-00301-8

COMPLAINT
1. Injunctive Relief
2. Civil Conspiracy
3. Ricco (State)
4. Breach of Fiduciary Duty
5. Quiet Title
6. Corporate Misconduct –
   Forfeiture of Interest
7. Deceptive Practices – RCW
   19.86
8. Conversion
9. Reallocation of member's
   interest
10. Attorney Fees and Costs

COMES NOW plaintiff, by and through their attorneys, Leen & O'Sullivan, and brings this

cause of action against the defendants named herein alleging as follows:

COMPLAINT - 1



Leen & O'Sullivan, PLLC
520 EAST DENNY WAY SEATTLE,
WASHINGTON 98122
(206) 325-5900
FAX (206) 325-1416

B6D (Official Form 6D) (12/07)

In re  **Centurion Properties III, LLC**                                          Case No. _____

_____
Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W J | | C | | | | | | |
| Account No. | | Unknown | | | | | | | | |
| Centrum Financial Services, Inc. c/o Derek M. Edmonds, CEO P.O. Box 2243 Seattle, WA 98111-2243 | - | Leasehold Deed of Trust Battelle Office Complex 620 Battelle Blvd. Richland, WA | | | | X | X | X | | |
| | | Value $ | 98,000,000.00 | | | | | | Unknown | Unknown |
| Account No. | | Unk | | | | | | | | |
| Equity Funding, LLC c/o Derek M. Edmonds, CEO 12505 Bel-Red Road, #200 Bellevue, WA 98020 | - | Leasehold Deed of Trust - Disputed Battelle Office Complex 620 Battelle Blvd. Richland, WA | | | | X | X | X | | |
| | | Value $ | 98,000.00 | | | | | | 35,000,000.00 | 35,000,000.00 |
| Account No. xx-xxxx7602 | | November 28, 2006 | | | | | | | | |
| General Electric Captial Corp. Attn: Sebastian Perin 101 California Street - #1500 San Francisco, CA 94111 | - | Deed of Trust Battelle Office Complex 620 Battelle Blvd. Richland, WA Leasehold Interest (See Schedule A). | | | | | | | | |
| | | Value $ | 98,000,000.00 | | | | | | 58,258,000.00 | 0.00 |
| Account No. | | Unkown | | | | | | | | |
| Trident Investments, Inc. c/o Derek Edmonds, CEO 12505 Bel-Red Road, Suite 200 Edmonds, WA 98020 | - | Leasehold Deed of Trust Battelle Office Complex 620 Battelle Blvd. Richland, WA | | | | X | X | X | | |
| | | Value $ | 98,000,000.00 | | | | | | Unknown | Unknown |

**1** continuation sheets attached

Subtotal
(Total of this page)                                   93,258,000.00          35,000,000.00

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                   Best Case Bankruptcy

In re **Centurion Properties III, LLC**          Case No. _____
                                                                  Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. | | | | | **Unknown** | | | | | |
| **Umpqua Bank** c/o Bill L. Barber 6610 SW Cardinal Lane Portland, OR 97224 | - | | | | **Leasehold Deed of Trust** **Battelle Office Complex** **620 Battelle Blvd.** **Richland, WA** | X | X | X | | |
| | | | | | Value $                98,000,000.00 | | | | **Unknown** | **Unknown** |
| Account No. | | | | | **Leasehold Deed of Trust** | | | | | |
| **Umpqua Bank** **CT Corporation** **1801 West Bay Dr. NW #206** **Olympia, WA 98502** | - | | | | **Notice.** | X | X | X | | |
| | | | | | Value $                98,000,000.00 | | | | **Unknown** | **Unknown** |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |

Sheet  1  of  1   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | 0.00 | 0.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 93,258,000.00 | 35,000,000.00 |

B6E (Official Form 6E) (4/10)

In re    **Centurion Properties III, LLC**                                          Case No. _____

_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

**0**      continuation sheets attached

10-04024-FLK11    Doc 39    Filed 08/03/10    Entered 08/03/10 13:18:07    Pg 17 of 25

In re    **Centurion Properties III, LLC**          Case No. _____

                                 Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No.<br><br>**Aaron J. Hazelrigg**<br>**5301 Central Avenue NE, Suite 200**<br>**Albuquerque, NM 87108** | - | | | | **Contingent Claim. Guarantee of GECC debt obligation.** | X | X | X | **Unknown** |
| Account No.<br><br>**Barclays North, Inc.**<br>**c/o Patrick L. McCourt**<br>**10515 20th Street SE**<br>**Everett, WA 98205** | - | | | | **Contingent Claim. GECC loan guarantee. Disputed** | X | X | X | **Unknown** |
| Account No.<br><br>**Centurion Pacific, LLC**<br>**Attn: Aaron Hazelrigg Manager**<br>**5301 Central Ave. NE Ste 200**<br>**Albuquerque, NM 87108** | - | | | | **Business Loan** | X | X | X | **3,984,098.11** |
| Account No.<br><br>**Centurion Southwest, LLC.**<br>**5301 Central Ave NE, Suite 200**<br>**Albuquerque, NM 87108** | - | | | | **Business Loan** | X | X | X | **12,160,543.00** |

  **1**   continuation sheets attached

Subtotal
(Total of this page)    **16,144,641.11**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Centurion Properties III, LLC**                                    Case No. _____

                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | |
| Account No.<br><br>**Daniel Kirby**<br>**3800 Jester Court NW**<br>**Olympia, WA 98502** | | | - | | **Unknown - Disputed**<br>**Alleged Claim arising from claim of ownership or aquistion thereof.** | X | X | X | **5,675,000.00** |
| Account No.<br><br>**Nicole M. Kelly**<br>**10500 NE 8th Street, #1825**<br>**Bellevue, WA 98004** | | | - | | **Notice Only. Member** | X | X | X | **Unknown** |
| Account No.<br><br>**Patrick L. McCourt**<br>**10515 20th St. SE**<br>**Everett, WA 98205** | | | - | | **Contingent Claim. Guarantor of GECC loan obligation. Disputed** | X | X | X | **Unknown** |
| Account No. xxx xx0910<br><br>**Sigma Management, Inc.**<br>**Michael E. Henry, Pres.**<br>**100 N. Fruitland Street, Suite E**<br>**Kennewick, WA 99336** | | | - | | **Member business loan. Money advanced for benefit of CPIII.** | | | | **257,133.77** |
| Account No. | | | | | | | | | |

Sheet no. **1** of **1** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal<br>(Total of this page) | **5,932,133.77** |
| Total<br>(Report on Summary of Schedules) | **22,076,774.88** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

In re    **Centurion Properties III, LLC**                                    Case No. _____

                                          Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| **See Attached Detailed Description** | **See Attached.** |

**0**

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                      Best Case Bankruptcy

**Addendum**

**Schedule G**

1. Property Management Contract.

   a. Date: December 17, 2001

   b. Parties:

      i. Centurion Properties III, LLC (Owner)

      ii. Sigma Management, Inc. (Manager)

   c. Term: January 1, 2002 through December 31, 2011.

   d. Purpose: Exclusive Agency. Manager to act as the sole and exclusive manager of Centurion Properties III, LLC interest in Battelle Office complex.

   e. Caption attached.

2. The Battelle Property Leases.

The Battelle Property consists of five buildings, related improvements and common areas located on the Battelle Property. Four of the buildings comprising of the Battelle Property are used as Class A office space and computer server/data centers. The fifth building is an 84-bed facility for residential housing, used by the tenant to accommodate both short and long term stay on the campus.

Originally, the Battelle Property was bare ground and was leased to Sigma Financial Group VI - X, L.P.(s) ("Sigma Financial") under five separate, long-term ground leases set to expire between September 30, 2051 and September 30, 2060. Sigma Financial then built buildings and related improvements on the land, even though it did not own the land. After

completion of the buildings and improvements, Sigma Financial leased those buildings and improvements back to Battelle through five separate shorter term facilities leases (the "Facilities Leases"). Accordingly, Battelle is both the Ground Landlord and the Facilities Tenant for each of the five buildings. Under the Ground Leases, the ground tenant pays Battelle ground rent.

Under the Facilities Leases, Battelle pays its landlord (i.e., the ground tenant) a Base Rent amount, and also a "Service Rent" which includes all actual, documented and approved expenses incurred in connection with each portion of the property, including management, fees, maintenance, etc.

The original Base Rent was established in the Facility Lease for each facility and the current Base Rent was established in Lease Supplements for each facility. The following is a listing of the Facility Lease Agreement Numbers for each of the facilities and the corresponding Lease Supplements that established the current Base Rent rate, along with extension of the lease terms for each facility to the current lease end date:

- ISB I – LEASE AGREEMENT NO. 052241-C-N2 – Lease Supplement No. 19
- ISB II – LEASE AGREEMENT NO. 146541-D-N2 – Lease Supplement No. 19
- NSB – LEASE AGREEMENT NO. 169833-D-N2 – Lease Supplement No. 23
- ETB – LEASE AGREEMENT NO. 248370-D-N2 – Lease Supplement No. 16
- UHF – LEASE AGREEMENT NO. 430410-D-N2 – Lease Supplement No. 10

The Chart below depicts the breakdown of 'Base Rent' between the facilities.

| Building | Physical Address | Designation | Former Designation | Tenant | Square Feet | Lease End Date | Monthly NNN Base Rent | Annual Base Rate/sf |
|----------|-----------------|-------------|--------------------|--------|------------|----------------|----------------------|---------------------|
| Information Sciences Building I | 3350 Q. Avenue, Richland, WA | ISB I | SIGMA VI | Battelle | 50,200 | 30-Sep-17 | $82,620.83 | $19.75 |
| Information Sciences Building II | 3320 Q. Avenue, Richland, WA | ISB II | SIGMA VII | Battelle | 60,080 | 30-Sep-17 | $98,881.67 | $19.75 |

| National Security Building | 3230 Q. Avenue, Richland, WA | NSB | SIGMA VIII | Battelle | 100,358 | 30-Sep-18 | $172,699.39 | $20.65 |
|---|---|---|---|---|---|---|---|---|
| Environmental Technology Building | 3200 Q. Avenue, Richland, WA | ETB | SIGMA IX | Battelle | 100,358 | 30-Sep-18 | $172,699.39 | $20.65 |
| User Housing Facility | 620 Battelle Blvd., Richland, WA | UHF | SIGMA X | Battelle | 29,108 | 30-Sep-18 | $29,108.00 | $12.00 |
| | | Total Square Feet | | | 340,104 | | | |

### 3. Lock Box Agreement.

The Debtor and Second Lender, General Electric Capital Corporation ("GECC"), entered into a Lock Box on October 14, 2008. The Lock Box Agreement provided "GECC" with sole dominion and control over all Rent previously received by the Debtor. Attached is a copy of the first page of the Lock Box Agreement. The funds held in the Lock Box are on deposit with Deutsche Bank Trust Co. Americas.

In re   **Centurion Properties III, LLC**                Case No. _____

                                 Debtor

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Aaron Hazelrigg**<br>**5301 Central Avenue NE #200**<br>**Albuquerque, NM 87108**<br>  **Guarantee of GECC Debt** | **General Electric Captial Corp.**<br>**Attn: Sebastian Perin**<br>**101 California Street - #1500**<br>**San Francisco, CA 94111** |
| **Barclays North, Inc.**<br>**10515 20th St. SE**<br>**Everett, WA 98205**<br>  **Guarantee of GECC debt.** | **General Electric Captial Corp.**<br>**Attn: Sebastian Perin**<br>**101 California Street - #1500**<br>**San Francisco, CA 94111** |
| **Patrick L. McCourt**<br>**10525 20th St. SE**<br>**Everett, WA 98205**<br>  **Guarantee of Debt With GECC** | **General Electric Captial Corp.**<br>**Attn: Sebastian Perin**<br>**101 California Street - #1500**<br>**San Francisco, CA 94111** |

**0**

_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                       Best Case Bankruptcy

# United States Bankruptcy Court
## Eastern District of Washington

In re    __Centurion Properties III, LLC__                  Case No. _____

                                   Debtor(s)           Chapter    __11__

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the SMI Group XIV, LLC - Managing Member of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __14__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    __8/3/2010__            Signature    _(signature)_

                                                 **Michael E. Henry**
                                               **SMI Group XIV, LLC - Managing Member**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

10-04024-FLK11    Doc 39    Filed 08/03/10    Entered 08/03/10 13:18:07    Pg 25 of 25