JOHN D. MUNDING
CRUMB & MUNDING, P.S.
The Davenport Tower, PH 2290
111 S. Post Street
Spokane, WA 99201
509-624-6464
munding@crumb-munding.com

Attorneys for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| In re | No. 10-04024-FLK 11 |
| **CENTURION PROPERTIES III, LLC,** | Chapter 11 |
| Debtor. | **DEBTOR'S PLAN OF REORGANIZATION** |

**FILED BY: Debtor Centurion Properties III, LLC ("CPIII" or "Debtor")**

## I.    INTRODUCTION

The terms used in this Plan will have the meanings set forth below. If a term is not defined in the Plan, it shall have the meaning given for that term by the Bankruptcy Code or Bankruptcy Rules.

Centurion Properties III, LLC is a Washington limited liability company formed by its members on August 1, 2006. Its membership interests are owned by CPIII. The sole purpose of the Debtor was and is "the acquisition, ownership, operation and

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

management of the real estate project known as the Battelle Leaseholds located in Richland, Washington, and such activities are necessary, incidental or appropriate in connection therewith." The Debtor's sole asset is its leasehold interests in the Battelle Memorial Institute Campus ("Battelle Property") and the improvements (i.e. the buildings) located thereof which, collectively, have been valued in excess of $90 million. By submitting this Plan, CPIII desires to put in place a mechanism through which these bankruptcy proceedings will achieve finality. Both the letter and spirit of this Plan should be construed accordingly. The Plan is submitted pursuant to Bankruptcy Code § 1129(a) and Bankruptcy Rules 3016 and 3018.

## ARTICLE I

### Definitions

A.    Defined Terms.    The following terms, when used in the Plan, shall, unless the context otherwise requires, have the meanings set forth in this Article.

1.    Administrative Expenses: Any expense in the Chapter 11 case of the type defined in § 503(b) of the Bankruptcy Code including, but not limited to, all liabilities incurred by the Debtor in the operation of their business to employees and trade vendors.

2.    Allowed Claim: Any Claim in the amount and of the classification set forth in the proof of such Claim that has been timely filed in the

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Chapter 11 Case, or in the absence of such proof, as set forth in the Debtor's Schedules of Liabilities filed in the Chapter 11 Case, unless (a) such Claim has been listed in such schedule as disputed, contingent, or unliquidated, in which case such Claim shall be allowed only in such amounts and of such classification as is authorized by a Final Order of the Court; (b) such Claim has been objected to or is objected to before or after Confirmation, in which case such Claim shall be allowed only in such amounts and such classification as is authorized by a Final Order of the Court; or (c) such Claim has been paid in full, withdrawn, released, or otherwise deemed satisfied in full.

3.      Bankruptcy Code or Code: Title 11 of the United States Code.

4.      Bankruptcy Rules: The Federal Rules of Bankruptcy Procedure.

5.      Battelle Property: The leasehold interests in the Battelle Memorial Institute Campus and the improvements (i.e. the buildings) located thereof.

6.      Benton County Treasurer: Treasurer or Treasurer's Office for Benton County, Washington.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

7. **Budget:** The budget that was included as part of the most recent Cash Collateral Order (Docket No. 77) and any subsequent orders of the Court extending, modifying, or amending the Budget.

8. **Cash Collateral Order:** The Court's Stipulated Order Authorizing Use of Cash Collateral and Providing Certain Adequate Protection (Docket No. 76) and any subsequent orders of the Court extending, modifying, or amending the Cash Collateral Order.

9. **Causes of Action:** The rights that the Debtor or Estate may hold against any person or entity, including without limitation, and claims, rights or cause of action under §§ 544 through 550 of the Bankruptcy Code or any similar provisions of state law, or any other statute or legal theory.

10. **Chapter 11:** Chapter 11 of the Bankruptcy Code.

11. **Chapter 11 Case:** The case of the reorganization of the Debtor commenced by the filing of a voluntary petition under Chapter 11 on the Petition Date and now pending in this Court.

12. **Claim:** Any right arising before the Petition Date to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any other right arising before the Petition Date to

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

an equitable remedy for breach of performance if such breach gives rise to a right to payment from Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or right to payment arising by virtue of the rejection of an executor contract under this Plan or otherwise.

13. <u>Class:</u> A class of Administrative Expenses or Claims as defined herein.

14. <u>Centrum Financial Services, Inc:</u> Alleged interest holder in the Battelle Property.

15. <u>Centurion Management III, LLC:</u> Centurion Management III, LLC is a disputed equity holder, member, and former Managing Member of Centurion Properties III.

16. <u>Centurion Pacific, LLC:</u> A disputed creditor of CP III.

17. <u>Centurion Properties III, LLC:</u> Centurion Properties III, LLC, a Washington Corporation, and Debtor in the present Chapter 11 proceeding. CPIII owns and manages the leasehold interests associated with the Battelle Property.

18. <u>Centurion Southwest, LLC:</u> A disputed creditor of CP III.

19. <u>Confirmation:</u> The entry of this Court of the Confirmation Order.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

20. Confirmation Date: The date on which the Confirmation Order is entered on the docket by the Clerk of the Court.

21. Confirmation Order: The order of the Court confirming this Plan pursuant to § 1129 of the Bankruptcy Code.

22. Court: The United States Bankruptcy Court for the District of Eastern Washington acting in this case.

23. Creditor: Every holder of a Claim (whether or not such Claim is or becomes an Allowed Claim) and encompassed within the statutory definition set forth in § 101(10) of the Bankruptcy Code.

24. Debtor: Centurion Properties III, LLC, a Washington Corporation.

25. Debtor in Possession: The Debtor, when exercising its rights, powers and duties under § 1107(a) of the Bankruptcy Code in this Chapter 11 case.

26. Disclosure Statement: The Disclosure Statement that accompanies the Plan.

27. Disputed Claims: Claims as to which any party in interest files an objection, which objection has not been withdrawn or resolved by a Final Order.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

28.    Effective Date: The first business day of each month that is at least thirty (30) days after the Confirmation Order has become a Final Order.

29.    Equity Funding, LLC: A Disputed Creditor claiming an interest in the Battelle Property.

30.    Estate: The estate created in the Chapter 11 Case under § 541 of the Code.

31.    Executory Contract: Every contract of the Debtor, or pertaining to property of the Debtor, including any unexpired lease of real property or equipment, which the Debtor is obligated to assume or reject under § 365 of the Code.

32.    Final Order: An order of the Bankruptcy Court that has been entered and either: (a) the time for appeal from such entered order has expired with no appeal having been filed timely, (b) any appeal from such entered order has been filed and such order has also been stayed by any court, or (c) any appeal from such entered order has been dismissed or finally determined.

33.    General Electric Capital Corporation: ("GECC") First position lien holder on the Battelle Property.

34.    Impaired Claim or Class: A Claim or Class of Claims that is impaired as that term is defined in § 1124 of the Bankruptcy Code.

35.    Nicole Kelley: Alleged equity holder and member of CPIII.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

36.     Petition Date: July 9, 2010, the day upon which the Debtor filed with the Bankruptcy Court its voluntary petition commencing this Chapter 11 Case.

37.     Plan Disbursing Agent: The entity responsible for collecting, administering, and distributing assets in accordance with the terms of the Plan.

38.     Priority Claim: a Claim entitled to priority pursuant to § 507(a) of the Code.

39.     Reorganized Debtor: The Debtor after the Effective Date of the Plan.

40.     Secured Claim: An Allowed Claim to the extent that it is a secured claim, as provided by § 506 of the Bankruptcy Code.

41.     Sigma Management Inc: The Battelle Property Manager and Plan Disbursing Agent.

42.      SMI Group IVX, LLC: A 27 percent owner of membership units in CPIII. SMI is the sole Managing Member of CPIII.

43.     Umpqua Bank: Disputed creditor of CPIII and successor in interest to Evergreen Bank.

44.     Unimpaired Claim or Class: A Claim or Class of Claims that is not Impaired, as defined herein.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

## **ARTICLE II**

### Classification of Claims

Administrative Expenses and Claims as allowed by the Court are placed in the following classes:

A.      Summary of the Plan.

The Plan provides for the reorganization of Debts and the continued ownership and operation of the Battelle Property. The Debtor will continue with litigation to determine the nature, extent, and amount of the debt owed to certain Classes of Creditors holding disputed Claims. The Plan provides for the refinancing of Allowed Secured Claims and payment to other Classes of Claims using ongoing revenue derived from lease payments. The Plan is intended to be fully consummated within thirty six (36) months, with payment in full of all Allowed Claims.

B.      Classification and Treatment of Expenses, Claims, and Interests.

1.      Treatment of Unimpaired (Non-Voting) Classes.

a.      Class 1 – Administrative Expenses.  All Unimpaired Classes and Allowed Claims in those Classes, unless paid sooner pursuant to an order entered by the Court, will be paid on the first business day of the month following the Effective Date.  The following Classes of Administrative Expenses and Claims are Unimpaired under the Plan.  Pursuant to § 1126(f) of the Bankruptcy Code, each such

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

class, and each holder of an Administrative Expense or Claim in such class, is conclusively presumed to have accepted the Plan, and the solicitation of acceptances from such holders is not required.

> b. Class 2 – Priority Claims. The holders of Allowed Class 2 Claims, if any, shall be paid in full on the first business day of the month following the Effective Date, in accordance with their respective legal, equitable, and contractual rights. The Debtor does not believe there are any Priority Claims. This Class is not Impaired and is deemed to have accepted the Plan.

> c. Class 3 – Membership Interests in the Debtor. CPIII recognizes the following membership interests in the Debtor:

> 1. Nicole M. Kelly 10%

> 2. Centurion Management III, LLC 63%

> 3. SMI Group, XIV, LLC 27%

Although the interests of Kelly and Centurion Management III, LLC are subject to offset and forfeiture, the ownership is of record and shall be retained pursuant to this plan, subject only to offset, modification, or determination by Court order entered in Adversary Proceeding 10-80118. This Class is not Impaired and is deemed to have accepted the Plan.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

2. Treatment of Impaired (Voting) Classes.

a. Class 4 – Secured Claim of GECC. This is a secured consensual lien on the Battelle Property leasehold interests of CPIII, as well as specified personal property of CPIII. The holder of the claim in this class shall accrue interest at the rate of six and thirty-sixths (6.36%) per annum on account of its Allowed Claim. Beginning on the first business day of the month following the Effective Date, the holder of the claim shall receive monthly payments of interest only. At the end of 36 months GECC shall be paid in full any unpaid amount, if any, of its Allowed Claim.

The monthly interest payment is calculated at $58,258,354.15 x 6.36% = 3,705,231.32 /12 months = $308,769.28. GECC shall retain its lien of security interest in the real property/leasehold interests of CPIII, including cash collateral, until its Allowed Claims is paid in full. However, so long as the Debtor makes each payment described herein, the Debtor shall be entitled to use all Base Rents, Service Rents and Task Order Payments received for its ongoing course of business affairs, including funding of this Plan of Reorganization. The Debtor reserves the right to challenge default interest, penalties, and legal fees through the claims obligation process.

b. Class 5 – Secured Claim of Benton County Treasurer. This is a secured tax. The County of Benton, Washington, is the only holder of a Class 5

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

claim. The County's claim is believed to have been paid, but additional taxes may be due and owing by the time of confirmation. To the extent not paid, Class 5 shall be paid in full within 60 days following the Effective date, with all statuary interest and penalties. Until paid the amount of its Allowed Claim, the County shall retain any lien that secured its claim. This Class is Impaired.

        c.      <u>Class 6 – Secured Umpqua Bank.</u> Class 6 consists of the disputed secured claim of Umpqua Bank. The nature and extent of this claim, amount, and lien status are disputed. The holder of the claim shall accrue interest at the rate of five (5%) per annum on account of its Allowed Claim. Beginning on the first business date of the month following the Effective date, or the date upon entry of a final order allowing this claim, whichever is later in time, the holder of the Class 6 claim shall receive equal monthly payments of interest only. At the end of 36 months, Class 6 shall be paid in full in outstanding unpaid amount, if any of its allowed claim.

Umpqua Bank, to extent allowed, shall retain its security interests and lien until its Allowed Claim is paid in full. This Class is Impaired.

        d.      <u>Class 7 - Secured Claim of Centrum Financial Services, Inc.</u> Class 7 consists of the disputed secured claim of Centrum Financial Services, Inc. The nature and extent of this claim, amount, and lien status are disputed. The holder of the claim shall accrue interest at the rate of five (5%) per annum on account of its

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11   Doc 161   Filed 01/20/11   Entered 01/20/11 17:15:51   Pg 12 of 35

Allowed Claim. Beginning on the first business date of the month following the Effective date, or the date upon entry of a final order allowing this claim, whichever is later in time, the holder of the Class 7 claim shall receive equal monthly payments of interest only. At the end of 36 months, Class 7 shall be paid in full in outstanding unpaid amount, if any of its allowed claim. This Class is Impaired.

e. <u>Class 8 - Secured Claim of Equity Funding, LLC.</u> Class 8 consists of the disputed secured claim of Equity Funding, LLC. The nature and extent of this claim, amount, and lien status are disputed. The holder of the claim shall accrue interest at the rate of five (5%) per annum on account of its Allowed Claim. Beginning on the first business date of the month following the Effective date, or the date upon entry of a final order allowing this claim, whichever is later in time, the holder of the Class 8 claim shall receive equal monthly payments of interest only. At the end of 36 months, Class 8 shall be paid in full in outstanding unpaid amount, if any of its allowed claim. This Class is Impaired.

f. <u>Class 9 – Insider Unsecured Claims Centurion Pacific, LLC and Centurion Southwest, LLC.</u> Class 9 consists of the unsecured claims of Centurion Pacific, LLC and Centurion Southwest, LLC, who are believed to be insiders. Both claims are disputed by CPIII as to the amount and nature. The holder of an allowed Class 9 claim shall accrue interest at five (5%) percent per annum on account of its

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Allowed Claim. Class 9 shall be paid in full with the outstanding unpaid amount, if any, of their Allowed Claim within 36 months after the Effective date. This Class is Impaired.

Equity Funding, LLC, to extent allowed shall retain its security interests and lien until its Allowed Claim is paid in full. This Class is Impaired.

g.      Class 10 – General Unsecured Creditors. The holder of an allowed Class 10 claim shall accrue interest at the rate of six (6%) present per annum on account of its Allowed Claim. The holder of an Allowed Class 10 Claim shall be paid within ninety (90) days of the Effective date, with interest. This Class is Impaired.

h.      Class 11 – Insider Unsecured Claim Sigma Management, Inc. The holder of an allowed Class 11 claim shall accrue interest at the rate of six (6%) present per annum on account of its Allowed Claim. The holder of an Allowed Class 11 Claim shall be paid within ninety (90) days of the Effective date, with interest. This Class is Impaired.

C.      Administration of the Plan.

The Plan provides for the appointment of the Debtor, through management, as the Plan Disbursing Agent to collect, administer and distribute assets in accordance with the terms of the Plan. The Debtor will receive no compensation for acting as the

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Plan Disbursing Agent. Sigma Management, Inc., shall receive a management fee for overseeing disbursements.

The Plan Disbursing Agent will be authorized to employ legal and accounting professionals necessary to carry out the provisions of the Plan; provided, however, that prior to Substantial Consummation, any such employment shall be subject to Court approval. Whenever the Plan, Code, Rules or documents implementing the Plan require or permit notice to the Debtor after the Effective Date, such notice shall be effective only when also given to the Plan Disbursing Agent. Unless terminated sooner, the Plan Disbursing Agent shall serve until the Plan is fully consummated.

D.    Unclaimed Funds and Interests.

For a period of two months from the date of the disbursement, the Plan Disbursing Agent shall retain any distribution hereunder, which remains unclaimed. Thereafter, the Claims giving rise to the right to distribution of such unclaimed funds will be deemed disallowed and any unclaimed funds, net of expenses, will be redistributed pro rata to the remaining creditors, except that (i) no redistribution will be made to any creditor whose pro rata share of the funds to be distributed does not exceed $50 and (ii) no further distribution shall be made if the total amount of unclaimed funds do not exceed $500 plus the costs of distribution. If the amount of unclaimed funds does not exceed $500 plus the costs of distribution, such funds will

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

be retained by the Plan Disbursing Agent as reimbursement for expenses in administering such unclaimed funds.

### E. Disputed Claims.

Not later than sixty (60) days after the Effective Date, the Debtor may file with the Bankruptcy Court, and serve on the holder of each Disputed Claim (i) an objection to any Claim, or (ii) a motion to determine the extent, priority, or amount of any secured or other Claim. All such Claims are preserved in the Plan. Any Creditor, including those expressly discussed above, that wishes to have its Claim determined by the Court to be a secured or priority Claim, must file with the Court a motion seeking that determination not later than the Confirmation Date or file a timely response to the Debtor's objection if such objection is filed. To the extent that (a) the Debtor objects to any filed Claim or (b) a Creditor seeks to have a Claim that the Plan treats as a general unsecured Claim determined to be secured or to have priority, sufficient funds shall be withheld from distributions for the estimated payment of such claim under the Plan until any such objection or determination has been resolved by an order of the Court. No distributions will be made on any Disputed Claim until such Claim is Allowed or the secured or priority status is determined.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

## ARTICLE III

### Causes of Action

The Plan provides for the Debtor to retain all Causes of Action, including the following two Adversary proceedings:

1. *Centurion Properties III, LLC, et al., v. Thomas Hazelrigg III, et al.,* Adversary No. 10-80118-FLK. The actions complained of in this adversary stem from the alleged loan obligations entered into by the former directors of the Debtor, as well as multiple ultra vires actions and breach of fiduciary duties owed by these former directors. Recovery to the estate may be in the form of injunctive relief, damages for civil conspiracy, Washington State Ricco, breach of fiduciary duty, quite title, corporate misconduct –forfeiture of interest, deceptive trade practices (RCW 19.86, et seq.), coversion, reallocation of member's interest, attorney fees and costs, and other just and equitable relief. The value of this action to the estate is to be determined.

2. *Centurion Properties III, LLC v. Equity Funding, et al.,* Adversary No. 10-80137-FLK. The actions giving rise to this Adversary proceeding including:

   a. The Defendants representing to others, including financiers, banks, mortgage brokers, real estate brokers and agents that they own, control, and have authority to sell the Battelle Property;

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

b. The Defendants soliciting offers to purchase the property of the estate from others through the use of a Confidential Offering Memorandum;

c. The Defendants interfering and impeding the Debtor's ability to reorganize by willful, intentional, and unauthorized solicitation of offers to purchase the Battelle Property.

These actions are in violation of the automatic stay. Recovery to the estate may include injunctive relief and declaratory judgment as to automatic stay violation, an award of damages against Defendants arising from and caused by the violation of the stay, attorney fees and costs, and other relief the Court deems just and proper under the circumstances. The value of this action to the estate is to be determined.

## **ARTICLE IV**

Provisions for Executory Contracts

·A.    Prepetition. All such assumptions are made pursuant to the provisions of this Plan. Other than those that are assumed, all other prepetition executor contracts and leases are rejected as of the Effective Date. Claims resulting from the rejection of a prepetition Executory Contract (if any) shall be filed within ten (10) days after entry of the Confirmation Order or such Claims are waived and deemed not allowed. Any

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Claims filed pursuant to a rejected prepetition Executory Contract shall be subject to objection by the Debtor and to consideration by the Court. If any such Claim becomes an Allowed Claim, it shall be a Class 10 Unsecured Claim. The Debtor does not believe there are any such claims.

B. <u>Post-Petition.</u> All post-petition leases and Executory Contracts are assumed as of the Effective Date. Any Claims resulting from the rejection of a post-petition Executory Contract, if any, shall be filed within ten (10) days of entry of the Confirmation Order or such Claims are waived and deemed not allowed. Any such Claims shall be subject to objection by the Debtor and to consideration by the Court. If any such Claim becomes an Allowed Claim, it shall be a Class 10 Unsecured Claim. The Debtor does not believe there are any such claims.

## **ARTICLE V**

### The Reorganized Debtor.

Immediately upon the Effective Date, all of the assets of the Debtor shall vest in the Reorganized Debtor. The Reorganized Debtor shall in turn perform the obligations under the Plan. Sigma will continue as the manager of the Debtor. No distributions will be made to any member of the Debtor until the Plan obligations are fulfilled. Sigma, an insider of the Debtor, will continue to manage the Battelle Property. Its

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

compensation will be the same as it has received in the past, pursuant to the terms of its agreement.

## ARTICLE VI

### Funding of the Plan.

A. <u>Replacement Financing.</u> The Plan will be funded from encumbered and encumber cash on hand, the continued operating revenue of the Battelle Property, the net proceeds of any causes of action, and replacement financing for Allowed Secured Claims. CPIII has employed the services of Randal Stamper to assist it in its quest to obtain commercial financing in an amount necessary to satisfy all allowed secured debt obligations under this Plan. Such efforts are under way and continuing. The foregoing will either be conventional financing or bond financing. Interest rates are presently at historical lows. Although the commercial credit market is tight at this time, the historical cash flow and financial strength of the tenant make CPIII strong candidate for refinancing. Distributions under the Plan shall be made to the Allowed Claimants by the Disbursing Agent, who shall report on actively in periodic reports to the Court.

B. <u>Rents.</u> Upon confirmation the Debtor shall commence making monthly interest payments to secured lender GECC in the amount of $308,769.28. This payout shall be made from monthly Base Rents and Service Rents received from

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Battelle. Any Rents received in excess of the $308,769.28 GECC payment shall be available to be utilized by the Debtor for the Plan Funding, as well as operations.

C. Any sums recovered by Causes of Action brought by the Estate, net of the attorneys' fees and costs associated with bringing the Causes of Action, shall be used to fund the Plan; unless all payments required by the Plan have been made, in which case, whose sums shall accrue to the Reorganized Debtor.

D. The Debtor reserves the right to object to any Claims, pursuant to the procedures set forth herein. The Debtor anticipates that it will object to the Secured Claims identified in the Plan. However, the Debtor anticipates that many of these objections will be resolved informally prior to the confirmation hearing.

## ARTICLE VII

### The Disbursing Agent.

A. Appointment. The Debtor or Reorganized Debtor shall be appointed as the Disbursing Agent, to act through Sigma Management, Inc., pursuant to the Confirmation Order. The Debtor shall, among other things, act instead of and as the nominee of the holders of Claims, receive payments from the Debtor, and make all payments and distributions contemplated by the Plan.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
(509) 624-6464
SPOKANE, WA 99201
FAX (509) 624-6155

   **B.**  <u>Compensation of the Disbursing Agent.</u> The Disbursing Agent shall be entitled to compensation for services rendered under the management agreement.

## ARTICLE VIII

<u>Conditions Precedent to the Plan.</u>

   Conditions precedent include that the Confirmation Order must become a Final Order and all documents necessary and appropriate to effectuate the Plan shall have been executed and delivered by all parties. The Debtor shall have the right to determine that any condition precedent has been met or waived by the Debtor.

## ARTICLE IX

<u>Objections to and Estimation of Claims.</u>

   **A.**  <u>Objections and Bar Date for Filing Objections.</u> Not later than thirty (30) days after the Effective Date, the Debtor may file with the Bankruptcy Court, and serve on the holder of each Disputed Claim, (i) an objection to any Claim, or (ii) a motion to determine the extent, priority or amount of any secured or other Claim. All such Claims are preserved in the Plan. Any Creditor, including those expressly discussed above, that wishes to have its Claim determined by the Court to be a secured or priority Claim, must file with the Court a motion seeking that determination not later than the Confirmation Date or file a timely response to the Debtor's objection if

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

such objection is filed. To the extent that (a) the Debtor objects to any filed Claim or (b) a Creditor seeks to have a Claim that the Plan treats as a general unsecured Claim determined to be secured or to have priority, sufficient funds shall be withheld from distributions for the estimated payments of such claim under the Plan until any such objection or determination has been resolved by an order of the Court. No distributions will be made on any Disputed Claim until such claim is Allowed or the secured or priority status is determined.

B. <u>Settlement of Claims.</u> Settlement of any objection to a Claim shall be permitted on the twentieth (20th) date after notice of the settlement has been mailed to the Debtor, the settling party, the Debtor's members and managers, and other persons specifically requesting such notice, and, if on such date there is no written objection to the settlement, the Court, on notice to the objecting party, must approve the settlement.

C. <u>Estimation of Claims.</u> For purposes of making distributions provided for under the Plan, all Claims objected to shall be estimated by the Disbursing Agent at an amount equal to (1) the amount claimed if the Bankruptcy Court has not made an estimation of such Claim, or (2) the amount, if any, determined by the Court pursuant to § 502(c) of the Bankruptcy Code as an estimate for distribution purposes. Notwithstanding anything herein to the contrary, no

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

distributions shall be made on account of any Claim until such Claim is an Allowed Claim.

## ARTICLE X

Conditions to Distributions.

The Disbursing Agent may, as a condition to receipt of distributions of funds, require a holder of a Claim to return and cancel instruments respecting such Claim or to execute separate releases of any Claims provided for under this Plan. Upon receipt of full payment of its Allowed Claim, a secured Creditor shall release its lien and/or effectuate the cancellation of instruments evidencing such lien, and shall cooperate with reasonable requests that it may receive from an escrow or title insurance company to provide confirmation of the payoff amount of its Allowed Claims and its agreement to release of its lien is conditioned only upon payment of its Allowed Claim.

## ARTICLE XI

Unclaimed Funds and Interest.

For a period of two (2) months from the date of the disbursement, the Plan Disbursing Agent shall retain any distribution hereunder, which remains unclaimed. Thereafter, the Claims giving rise to the right to distribution of such unclaimed funds will be deemed disallowed and any unclaimed funds, net of expenses, will be

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11     Doc 161     Filed 01/20/11     Entered 01/20/11 17:15:51     Pg 24 of 35

redistributed pro rata to the remaining creditors, except that (i) no redistribution will be made to any creditor whose pro rata share of the funds to be distributed does not exceed $50 and (ii) no further distribution shall be made if the total amount of unclaimed funds do not exceed $500 plus the costs of distribution.  If the amount of unclaimed funds does not exceed $500 plus the costs of distribution, such funds will be retained by the Plan Disbursing Agent as reimbursement for expenses in administering such unclaimed funds.

## **ARTICLE XII**

### Non-allowance of Penalties and Fines.

No distribution shall be made under this Plan on account of, and no Allowed Claim, whether secured, unsecured or priority, shall include any fine, penalty, exemplary or punitive damages, late charges, default interest, or other monetary charge relating to or arising from any default or breach by the Debtor, and any Claim on account thereof shall be deemed disallowed whether or not an objection is filed to it. Provided, however, if prior to the Confirmation Date any Creditor asserting an entitlement to such fine, penalty, exemplary or punitive damages, late charges, default interest, or other monetary charge relating to or arising from any default or breach by the Debtor has filed a motion with the Court specifically seeking the allowance of such fine, penalty, exemplary or punitive damages, late charges, default interest, or

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

other monetary charge relating to or arising from any default or breach by the Debtor, in which even the Court shall determine the extent of the Creditor's Allowed Claim.

## **ARTICLE XIII**

### Entitlement to Fees, Costs and Other Charges.

Except to the extent previously allowed by a court with proper jurisdiction, any Claimant or Creditor that seeks to include in such Claim any other fees, costs or charges that are allowable under its agreements with the Debtor, applicable state law and the Bankruptcy Code; shall file an application seeking to have said fees, costs or other charges approved by the Court. Said fees, costs and other charges shall not be included in the Creditor's Allowed Claim.

## **ARTICLE XIV**

### Discharge and Release Provisions.

Except as otherwise provided in the Plan or the Confirmation Order, entry of the Confirmation Order acts as a discharge, effective as of the Effective Date, of any and all debts, obligations, liabilities and claims, whether contingent or otherwise, of the Debtor or Reorganized Debtor that arose at any time before the Effective Date, including, but not limited to, all interest in the Debtor, and all principle and any and all interest accrued thereon, pursuant to § 1141(d)(1) of the Bankruptcy Code. The discharge of the Debtor shall be effective as to each Claim, regardless of whether a

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

proof of Claim thereof was filed, whether or not the Claim is an Allowed Claim, or whether the holder thereof voted to accept the Plan.

## **ARTICLE XV**

### Retention of Jurisdiction.

Until the case is closed, the Court will retain jurisdiction to insure that the purposes and intent of the Plan are carried out. Without limiting the generality of the foregoing, the Court will retain jurisdiction, until the Plan is fully consummated, for the following purposes:

A.  <u>Claims.</u>  The classification, allowance, subordination and liquidation of the Claim of any Creditor and the determination of such obligations as may be filed.

B.  <u>Title and Disputes.</u> The determination of all questions and disputes regarding the title of the assets of the Estate, and the determination of all Causes of Action, controversies, disputes or conflicts, known or unknown, whether or not subject to action pending as of the Confirmation Date, between the Debtor and any other party, including but not limited to the Debtor's right to recover assets, avoid transfers, recover fraudulent transfers, offset Claims, recover money or property from any party, or return assets which were or are the property of the Estate pursuant to the provisions of the Bankruptcy Code.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

C.  Executory Contracts. The determination of all matters relating to the assumption, assignment or rejection of executory contracts and unexpired leases, including Claims for damages from the rejection of any executor contract or unexpired lease, within such time as the Bankruptcy Court may direct.

D.  Estimation. The liquidation or estimation of damages or the determination of the manner and time for such liquidation or estimation in connection with any contingent, disputed or unliquidated Claims.

E.  Plan Corrections. The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan, the Confirmation Order, or any and all documents executed or to be executed in connection therewith, as may be necessary to carry out purposes and the intent of the Plan, on such notice as the Bankruptcy Court shall determine to be appropriate.

F.  Plan Modifications. The modification of the Plan after Confirmation, pursuant to the Bankruptcy Rules and the Bankruptcy Code.

G.  Administrative Claims. The adjudication of all Claims, controversies, contested matters or adversary proceedings arising out of any purchases, sales, agreements or obligation made or undertaken by and between the Debtor and any third party during the pendency of the Debtor's reorganization case.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

H.    Interpretation. The enforcement and interpretation of the terms and conditions of the Plan and the determination of all controversies and disputes that may arise in connection with the enforcement, interpretation or consummation of the Plan.

I.    Extensions of Time. The shortening or extending, for cause, of the time fixed for doing any act or thing under the Plan on such notice as the Court shall determine to be appropriate.

J.    Enforcement. The entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor, and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem appropriate.

K.    Termination. The entry of an order concluding and terminating this Chapter 11 Case.

L.    Litigation. To decide or resolve any and all applications, motions, adversary (including, but not limited to, any Causes of Action, including the Wells Fargo Cause of Action), contested or litigated matters and any other matters or grant to deny any application involving the Debtor. To issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any person or entity with consummation or enforcement of the Plan.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

M. <u>Other Matters.</u> The determination of such other matters as may be provided in the Confirmation Order or as may be authorized under the Bankruptcy Code.

## <u>ARTICLE XVI</u>

### Modification of the Plan.

In addition to the modification rights under § 1127 of the Bankruptcy Code, the Debtor may propose amendments to or modifications of this Plan and any time prior to the entry of the Confirmation Order, with leave of the Court, upon such notice as may be prescribed by the Court. After entry of the Confirmation Order, the Reorganized Debtor may, with the approval of the Court, and so long as it does not materially or adversely affect the interest of Creditors, cure any omission, correct any defect, or reconcile any inconsistencies in the Plan, the Confirmation Order or any and all documents executed or to be executed in accordance therewith, in such manner as may be necessary to carry out the purposes and intent of this Plan, including any modification necessary to carry out the purposes and intent of this Plan including any modification necessary to eliminate any impairment under Bankruptcy Code § 1124 of any Class that is treated as not impaired under this Plan.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

# **ARTICLE XVII**

## Effect of Confirmation.

Except as provided in the Plan or in the Confirmation Order, on the Confirmation Date, the Reorganized Debtor shall be vested with all of the property of its Estate, including, without limitation, (i) all inventory, cash and cash equivalents, accounts and other receivables, chattel paper, contracts, (ii) any and all Claims or Causes of Action of any nature or kind, (iii) any and all Claims against any professionals employed by the Debtor, and (iv) any and all Claims under §§ 1123(a)(5)(B) and shall be free and clear of all Claims, interests, liens and encumbrances deriving from, among others, the Claims and/or interests of the individuals and entities; provided, however, that all property transferred from the Debtor and the Estate to the Reorganized Debtor shall be subject to any and all Claims, interests, liens, encumbrances, restrictions and duties remaining on and after the Effective Date as specifically set forth in the Plan or the Confirmation Order. Upon the Effective Date, the Reorganized Debtor shall operate its business free of bankruptcy restrictions. All Causes of Action shall revest in the Debtor who shall have the sole and exclusive right to bring, not bring, compromise or otherwise resolve any such Causes of Action.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Except as otherwise provided in the Plan, or in any contract instrument, release or other agreement entered into in connection with the Plan, in accordance with § 1123(b) of the Bankruptcy Code, the Reorganized Debtor shall retain and may enforce any claims, rights and Causes of Action that the Debtor or the Estate may hold against any entity, including, without limitation, any claims, rights of Causes of Action under §§ 544 through 550 of the Bankruptcy Code or any similar provisions of state law, or any other statute or legal theory. The Reorganized Debtor or any successor may pursue those rights of action, as appropriate, in accordance with what is in the best interests of the Reorganized Debtor or any successors that may hold such rights of action.

To the extent the automatic stay is still in effect, the automatic stay shall automatically terminate pursuant to 11 U.S.C § 362(c)(1) upon Confirmation of the Plan.

Neither the Debtor, the Reorganized Debtor, the U.S. Trustee, nor any of their employees, managers, officers, trustees, agents or representatives, nor any professionals employed by any of them, shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with or related to formulating (including but not limited to identification, classification or omission from classification of Claims), implementing, confirming or consummating

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

the Plan, the or any contract, instrument, release or other agreement or document created in connection with the Plan.

## ARTICLE XVIII

### Substantial Consummation.

Substantial consummation of the Plan, as defined in § 1101(2) of the Code, can only occur upon the commencement of distributions under this Plan.

## ARTICLE XIX

### Miscellaneous.

A.    Payment Dates. Whenever any payment or distribution to be made under the Plan shall be due on a day other that a business day, such payment or distribution to be made under the Plan shall be due on a day other than a business day, such payment or distribution shall instead be made without interest on the next business day.

B.    Notices. All notices, requests or demands for payment provided for in the Plan shall be in writing and shall be deemed to have been given when personally delivered by hand or deposited in any general or branch post office of the

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

United States Postal Service or received by telecopy. Notice, requests and demands for payment shall be addressed and sent postage prepaid or delivered to:


The Debtor:

Centurion Properties III, LLC
100 N. Fruitland Street, Suite E
Kennewick, WA 99336

With a copy to:

John D. Munding
Crumb & Munding, P.S.
111 South Post, PH 2290
Spokane, WA 99201


C.     Headings. The headings used in the Plan are inserted for convenience only and neither constitute a portion of the Plan nor affect in any manner, the provisions or interpretation of the Plan.


D.     Default. Any Creditor may notify the Disbursing Agent in writing of a default under the Plan. In the event written notice of a default is transmitted to the Disbursing Agent, the Disbursing Agent or any party in interest will have thirty (30) days to cure the alleged default. Absent cure or a prior order granting that party relief, the aggrieved party may seek relief from the Bankruptcy Court.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Dated this _10_ day of January, 2011.

CENTURION PROPERTIES III, LLC

By SMI Group XIV, LLC, its Manager

By: _Michael C. Henry_

Michael E. Henry
Its Sole Member

CRUMB & MUNDING, P.S.

JOHN D. MUNDING, WSBA #21734
Attorneys for Debtor-in-Possession.

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155