1   STOEL RIVES LLP
       David B. Levant
2      Erin L. Eliasen
    600 University Street, Suite 3600
3   Seattle, Washington 98101
    Telephone: (206) 624-0900
4   Facsimile: (206) 386-7500
    dblevant@stoel.com
5   eleliasen@stoel.com

6   LATHAM & WATKINS LLP
       Peter M. Gilhuly (*admitted pro hac vice*)
7      Wayne S. Flick (*admitted pro hac vice*)
       Ted A. Dillman (*admitted pro hac vice*)
8   355 South Grand Avenue
    Los Angeles, California 90071-1560
9   Telephone: (213) 485-1234
    Facsimile: (213) 891-8763
10  peter.gilhuly@lw.com
    wayne.s.flick@lw.com
11  ted.dillman@lw.com

12  Attorneys for General Electric Capital Corporation

13              IN THE UNITED STATES BANKRUPTCY COURT

14              EASTERN DISTRICT OF WASHINGTON

15

16  In re                              Chapter 11

17  CENTURION PROPERTIES III,          Case No. 10-04024-FLK 11
    LLC
18                                     **DECLARATION OF DAVID B.**
         Debtor and Debtor-in-Possession.  **LEVANT IN SUPPORT OF GENERAL**
19                                     **ELECTRIC CAPITAL**
                                       **CORPORATION'S MOTION TO**
20                                     **COMPEL**

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

LATHAM&WATKINSᴸᴸᴾ LA\2260331.1
ATTORNEYS AT LAW
LOS ANGELES

1

DECLARATION OF DAVID B. LEVANT IN SUPPORT OF
GENERAL ELECTRIC CAPITAL CORPORATION'S
MOTION TO COMPEL

# DECLARATION OF DAVID B. LEVANT

I, David B. Levant, hereby declare as follows:

1. I am an attorney at law, duly licensed to practice before the United States District Court for the Eastern District of Washington. I am a partner with the firm of Stoel Rives LLP ("**Stoel**"), and counsel for General Electric Capital Corporation ("**GECC**"). I have first hand knowledge of the facts set forth herein and if called as a witness could and would testify competently thereto.

2. I submit this Declaration in support of GECC's Motion to Compel Debtor to Permit Entry Upon Land, filed concurrently herewith (the "**Motion**").

3. Attached as **Exhibit A** to this declaration is a true and correct copy of the First Request for Entry Upon Land Propounded on Debtor by General Electric Capital Corporation, which was served on the Debtor by electronic mail on May 11, 2011.

4. Attached as **Exhibit B** to this declaration is a true and correct copy of the Objection to General Electric Capital Corporation's First Request for Entry Upon Land Propounded on Debtor, which was served on GECC by electronic mail on May 13, 2011.

5. Attached as **Exhibit C** to this declaration, is a true and correct copy of an e-mail sent on May 11, 2011 from Wayne Flick, a partner at Latham & Watkins LLP ("**Latham**") and counsel for GECC, to John Munding, counsel to the Debtor.

6. Attached as **Exhibit D** to this declaration is a true and correct copy of an e-mail sent on May 13, 2011 from Wayne Flick to John Munding in response to the Debtor's Objection to GECC's Request.

7. Attached as **Exhibit E** to this declaration is a true and correct copy of an e-mail sent on May 16, 2011 from John Munding to Wayne Flick responding to Mr. Flick's May 13, 2011 e-mail which is attached as Exhibit D to

LATHAM&WATKINS^LLP LA\2260331.1
ATTORNEYS AT LAW
LOS ANGELES

2

DECLARATION OF DAVID B. LEVANT IN SUPPORT OF
GENERAL ELECTRIC CAPITAL CORPORATION'S
MOTION TO COMPEL

1    this declaration.

2         I declare under penalty of perjury under the laws of the United States

3    of America that the foregoing is true and correct, and that this declaration was

4    executed on May 16, 2011, at Seattle, Washington.

5

6                                        /s/ David B. Levant
                                         David B. Levant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINSᴸᴸᴾ  LA\2260331.1
ATTORNEYS AT LAW
LOS ANGELES
                                         3

DECLARATION OF DAVID B. LEVANT IN SUPPORT OF
GENERAL ELECTRIC CAPITAL CORPORATION'S
MOTION TO COMPEL

10-04024-FLK11    Doc 279    Filed 05/16/11    Entered 05/16/11 17:07:12    Pg 3 of 22

# EXHIBIT A

STOEL RIVES LLP
  David B. Levant
  Erin L. Eliasen
600 University Street, Suite 3600
Seattle, Washington 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
dblevant@stoel.com
eleliasen@stoel.com

LATHAM & WATKINS LLP
  Peter M. Gilhuly (*admitted pro hac vice*)
  Wayne S. Flick (*admitted pro hac vice*)
  Ted A. Dillman (*admitted pro hac vice*)
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
peter.gilhuly@lw.com
wayne.s.flick@lw.com
ted.dillman@lw.com

Attorneys for General Electric Capital Corporation

### IN THE UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| CENTURION PROPERTIES III, LLC | Case No. 10-04024-FLK 11 |
| Debtor and Debtor-in-Possession. | **FIRST REQUEST FOR ENTRY UPON LAND PROPOUNDED ON DEBTOR BY GENERAL ELECTRIC CAPITAL CORPORATION** |

**PROPOUNDING PARTY:**      **GENERAL ELECTRIC CAPITAL CORPORATION**

**RESPONDING PARTY:**      **DEBTOR**

**SET NO.:**      **ONE**

/ / /

/ / /

/ / /

|   |   |
|---|---|
| 1 | Pursuant to Federal Rules of Civil Procedure 26 and 34 as incorporated by |
| 2 | Federal Rules of Bankruptcy Procedure 7026 and 7034 and the Stipulation |
| 3 | Regarding Schedule for Discovery, Briefing and Pretrial Matters Pertaining to |
| 4 | General Electric Capital Corporation's Motion for Relief from the Automatic Stay |
| 5 | [Docket No. 267], in connection with its Motion for Relief from the Automatic |
| 6 | Stay Pursuant to 11 U.S.C. § 362(d), Federal Rule of Bankruptcy Procedure 4001 |
| 7 | and Local Bankruptcy Rule 4001-1 [Docket No. 219] (the "Motion"), General |
| 8 | Electric Capital Corporation ("GECC") hereby requests that the above-captioned |
| 9 | debtor and debtor-in-possession ("Debtor") permit entry upon the premises of the |
| 10 | Battelle Memorial Institute Campus ("Battelle"), located at 3200-3350 Q Avenue |
| 11 | and 620 Battelle Boulevard, Richland, WA 99354, for the purpose of permitting |
| 12 | the inspection of said premises by one of GECC's potential experts in this matter. |
| 13 | The individual inspecting the premises may inspect, measure, survey, |
| 14 | photograph, video tape, test or otherwise sample the above-identified premises |
| 15 | during the course of the inspection. Further, the individual inspecting the premises |
| 16 | may observe, question and interview individuals residing at or employed by |
| 17 | Battelle. Further, the individual inspecting the premises may inspect, review and |
| 18 | photocopy relevant and discoverable documents located at Battelle. |
| 19 | GECC requests that the Debtor make the above-identified property available |
| 20 | for inspection commencing at 1:00 p.m. on one of the following dates: May 19, |
| 21 | 2011, May 20, 2011, May 30, 2011 or May 31, 2011. The inspection will continue |
| 22 | as needed to allow GECC's potential expert sufficient time to conduct his |
| 23 | investigation, interviews, and facility review. |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

| | |
|---|---|
| 1 | Dated: May 11, 2011 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

LATHAM & WATKINS LLP
  Peter M. Gilhuly, *Pro Hac Vice*
  Wayne S. Flick, *Pro Hac Vice*
  Ted A. Dillman, *Pro Hac Vice*

By _____

  Wayne S. Flick
Attorneys for General Electric Capital
Corporation

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 355 South Grand Ave., Los Angeles, CA 90071-1560.

On **May 11, 2011**, I served the following document described as:

**FIRST REQUEST FOR ENTRY UPON LAND PROPOUNDED ON DEBTOR BY GENERAL ELECTRIC CAPITAL CORPORATION**

by serving a true copy of the above-described document in the following manner:

### BY ELECTRONIC MAIL

I caused a pdf version of the above-described document to be transmitted to the following parties from Los Angeles, California on May 11, 2011:

> John D Munding
> Crumb & Munding
> Davenport Tower, PH 2290
> 111 S. Post Street
> Spokane, WA 99201
> munding@crumb-munding.com

I affirm that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and affirm under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 11, 2011**, at Los Angeles, California.

Colleen M. Rico

LA\2257363.1

# EXHIBIT B

1  JOHN D. MUNDING
2  CRUMB & MUNDING, P.S.
   The Davenport Tower, PH 2290
3  111 S. Post Street
   Spokane, WA 99201
4  509-624-6464
5  munding@crumb-munding.com

6

7  Attorneys for Debtor.

8

9
                    UNITED STATES BANKRUPTCY COURT
10                   EASTERN DISTRICT OF WASHINGTON

11

12  In re                              No.    10-04024-FLK 11

13  **Centurion Properties III, LLC**         Chapter 11

14         Debtor                      **OBJECTION TO GENERAL**
15                                      **ELECTRIC CAPITAL**
                                        **CORPORATION'S FIRST**
16                                      **REQUEST FOR ENTRY UPON**
17                                      **LAND PROPOUNDED ON**
                                        **DEBTOR**
18

19

20              **I. OBJECTIONS**

21      Debtor, Centurion Properties III, LLC, by and through its attorney John D.

22  Munding with Crumb & Munding, PS, hereby **OBJECTS** to General Electric

23  Capital Corporation's Request for Entry upon Land Propounded to the Debtor and

24

25  opposes the discovery request. More specifically, Centurion Properties III, LLC,

26

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

objects on the basis set forth below.

## II. BASIS

Centurion Properties III, LLC's objection is based upon the following:

1. General Electric Capital Corporation ("GECC") has already commissioned and received at least one recent, independent, and comprehensive appraisal on the Battelle property. Furthermore, GECC has commissioned at least two appraisers in the last eight months who have made site visits to the property. In the fall of 2010, GECC requested, demanded, and was provided with complete access for its appraiser, Mr. Robert Taylor of Cushman & Wakefield, to conduct a site visit. In February of 2011, GECC switched appraisal firms and demanded a second site visit and walk-through by its new appraiser, Peter K. Shorett of Kidder Mathews. Access to the property was provided on March 25, 2011, to Mr. Peter K. Shorett and Ms. Katherine Samson of Kidder Mathews, as well as Mr. Sebastian Perin of GECC. The results of the appraisal also disclosed that Kidder Mathews previously conducted a comprehensive appraisal of the Battelle property on July 21, 2009. That 2009 appraisal has not been produced by Kidder Mathews or GECC and the content remains unknown.

2. The 2011 appraisal provided GECC with extensive information and photos

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

regarding the nature, quality, and value of the Battelle property and the facilities located thereon.  A third site inspection will not provide GECC with any new information, especially since GECC was granted full access to inspect the property less than two months ago.  Further, on April 8, 2011, GECC moved for relief from the bankruptcy stay.  In support of its motion, GECC offered the declaration and recent appraisal of Mr. Peter K. Shorett.

3.  GECC's request to access any and all records located at the Battelle property is overbroad and burdensome since discovery is limited to relevant, non-privileged information.  The language of GECC's broad request enables GECC to access any document before a determination is made that the document is relevant and not privileged.  In fact, GECC's request permits its representative to make a unilateral determination as to what documents are relevant and/or privileged.  The issue of privilege is especially concerning here because Battelle manages the Pacific Northwest National Laboratory ("PNNL") on behalf of the United States Departments of Energy, Defense, and Homeland Security.  Since PNNL is home to significant testing, research, and development, the Battelle property contains extensive proprietary and confidential information.  Not only is the information largely classified, but Centurion Properties III, LLC, as landlord, cannot grant

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 3

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 279    Filed 05/16/11    Entered 05/16/11 17:07:12    Pg 12 of 22

anyone, including GECC, access to its tenant's records. Finally, GECC proposed four alternative dates to enter the Battelle property. The proposed dates coincide with dates that Mr. Michael Henry, representative of Centurion Properties III, LLC, is out of town being deposed.

4. GECC's request for access to observe, question, and interview witnesses residing or employed at the Battelle property is not only overbroad, but also improper. This part of the request is particularly onerous for two reasons. First, since Battelle is a sub-contractor for the United States Government, the knowledge and conduct of its employees is largely confidential. Further, since Battelle employees oversee research and testing of national importance, the facility is strictly controlled for financial and safety purposes. For example, Battelle prohibits all photography, video, or recording of any kind inside the facilities. Moreover, there are offices at the facility dedicated solely to classified work for the United States Departments of Defense and Homeland Security. GECC's request for unlimited access to Battelle's facilities and employees is unreasonable and offensive to the integrity of Battelle and PNNL, and the request should be denied.

5. The information sought in GECC's discovery request is not listed with particularity. A discovery request must set forth each item or category of

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 4

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

items to be inspected and describe each item or category with reasonable

particularity. Although the GECC request identifies the address of the

property, it does not list what information is sought from potential witnesses

or from the proposed records search. Instead, GECC provides itself with

free access to witnesses and information without identifying the item or

category of items sought and without a showing of relevance or need.

6. As stated above, GECC already possesses extensive information concerning

the Battelle property by way of the 2009 Kidder Mathews appraisal, 2010

site visit by Cushman & Wakefield, and 2011 Kidder Mathews appraisal.

GECC has already presented its best evidence to the Court.

### III. RELIEF REQUESTED

Wherefore, Centurion Properties III, LLC respectfully requests that the Court

deny GECC's Request For Entry Upon Land Propounded by Debtor.


DATED this 13th day of May, 2011.


CRUMB & MUNDING, P.S.




JOHN D. MUNDING, WSBA #21734
Attorneys for Debtor

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

# EXHIBIT C

| From: | Flick, Wayne (LA) |
| --- | --- |
| Sent: | Wednesday, May 11, 2011 9:05 AM |
| To: | 'John Munding' |
| Cc: | Kronstadt, Jessica (LA); Quartarolo, Amy (LA) |
| Subject: | Site Tour |

| Importance: | High |

John,

One of our experts would like to do a tour of the Property. He has provided four dates:

May 19
May 20
May 30 (This is Memorial Day, so it may not be workable)
May 31

Given flight times, he would need to do the tour at 1:00 on any of these days. He would need approximately one hour, and a facilities manager (or his or her designee) would be a suitable guide.

Please advise at your earliest convenience so we can make travel plans.
If you require a formal discovery request, we will serve one later today.

Many thanks.
wsf

**Wayne S. Flick**
**LATHAM & WATKINS** LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Main Tel: (213) 485-1234
Direct Dial: (213) 891-8755
Main Fax: (213) 891-8763
Private Fax: (213) 891-8872
Mobile: (323) 251-5522
E-mail: wayne.s.flick@lw.com
www.lw.com

1

# EXHIBIT D

| From: | Flick, Wayne (LA) |
|---|---|
| Sent: | Friday, May 13, 2011 5:23 PM |
| To: | 'Ashley M. Woods'; munding@crumb-munding.com |
| Cc: | Quartarolo, Amy (LA); Kronstadt, Jessica (LA); Gilhuly, Peter (LA); Dillman, Ted (LA); nli@winstoncashatt.com; cmr@winstoncashatt.com; eleliasen@stoel.com; dblevant@stoel.com |
| Subject: | RE: Centurion Properties III, LLC: Discovery |

John,

We have reviewed the Debtor's objection to GCC's Rule 34 request for entry upon land. We respectfully disagree with the Debtors' position and write to confer with you. If we cannot resolve the matter promptly, then we will have no choice but to ask the Court to set a prompt telephonic conference.

As you know, rather than set a date certain for the site visit, we provided four alternatives. The Debtor not only has rejected all of them, but has offered no alternative. Given that the existing discovery and hearing schedule has been designed in large part to accommodate the Debtor's delay in beginning its own appraisal process, it is unreasonable for the Debtor simultaneously to seek to preclude GECC from taking discovery in May (which is authorized by the Scheduling Stipulation and Order).

Previous property visits by other potential GECC experts are irrelevant. The present request relates to a different expert and the question is whether it imposes an undue burden on the Debtor. Plainly, it does not. The requested visit will last only approximately one hour, and your attendance is unnecessary. GECC plans to send no counsel. Surely, the Debtor can locate one employee on the property who can set aside one hour on one of four dates in the next two weeks to provide GECC's expert access.

As for the standard provisions in the Rule 34 request relating to the possible asking of questions or the inspection of documents, GECC hereby agrees that its expert will do neither during the requested visit.

Please let us know immediately if the Debtor will agree to permit a brief site visit on one of the four proposed dates.

Many thanks.
wsf

---

**From:** Ashley M. Woods [mailto:ashley@crumb-munding.com]
**Sent:** Friday, May 13, 2011 4:19 PM
**To:** Flick, Wayne (LA); Gilhuly, Peter (LA); Dillman, Ted (LA); nli@winstoncashatt.com; cmr@winstoncashatt.com; eleliasen@stoel.com; dblevant@stoel.com
**Cc:** munding@crumb-munding.com; Quartarolo, Amy (LA); Kronstadt, Jessica (LA)
**Subject:** RE: Centurion Properties III, LLC: Discovery

Dear Counsel,

My apologies. Due to an inadvertent error, pages 2-3 were missing from the Objection. Please find attached the Objection to General Electric Capital Corporation's First Request for Entry Upon Land Propounded on Debtor in its entirety.

Thank you for bringing this matter to my attention.

Sincere Thanks,

Ashley M. Woods

1

John D. Munding of
<u>Crumb & Munding, P.S.</u>
The Davenport Tower
111 South Post, penthouse 2290
Spokane, WA 99201
T 509.624.6464
F 509.624.6155

CONFIDENTIALITY
This email message and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email message, you are hereby notified that any dissemination, distribution or copying of this email message, and any attachments thereto, is strictly prohibited. If you have received this email message in error, please immediately notify me by telephone at (509) 624-6464 and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Crumb & Munding, P.S., any of its clients, or any other person or entity.

**From:** wayne.s.flick@lw.com [mailto:wayne.s.flick@lw.com]
**Sent:** Friday, May 13, 2011 4:09 PM
**To:** ashley@crumb-munding.com; PETER.GILHULY@lw.com; Ted.Dillman@lw.com; nli@winstoncashatt.com; cmr@winstoncashatt.com; eleliasen@stoel.com; dblevant@stoel.com
**Cc:** munding@crumb-munding.com; Amy.Quartarolo@lw.com; Jessica.Kronstadt@lw.com
**Subject:** RE: Centurion Properties III, LLC: Discovery

Could we please get the missing pages to the Objection?

**From:** Ashley M. Woods [mailto:ashley@crumb-munding.com]
**Sent:** Friday, May 13, 2011 4:07 PM
**To:** Flick, Wayne (LA); Gilhuly, Peter (LA); Dillman, Ted (LA); nli@winstoncashatt.com; cmr@winstoncashatt.com; eleliasen@stoel.com; dblevant@stoel.com
**Cc:** 'John Munding'
**Subject:** Centurion Properties III, LLC: Discovery

Dear Counsel,

Please find attached a letter of correspondence from Mr. Munding, with the following enclosures:

- Plaintiff's First Set of Interrogatories and Requests for Production to General Electric Capital Corporation
- Objection to General Electric Capital Corporation's First Request for Entry Upon Land Propounded on Debtor

Should you have any questions, or would like to view the First Set of Interrogatories and Requests for Production in Word Format, please do not hesitate to call or email.

Sincere Thanks,

Ashley M. Woods

John D. Munding of
<u>Crumb & Munding, P.S.</u>

The Davenport Tower
111 South Post, penthouse 2290
Spokane, WA 99201
T 509.624.6464
F 509.624.6155

CONFIDENTIALITY
This email message and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email message, you are hereby notified that any dissemination, distribution or copying of this email message, and any attachments thereto, is strictly prohibited. If you have received this email message in error, please immediately notify me by telephone at (509) 624-6464 and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Crumb & Munding, P.S., any of its clients, or any other person or entity.


*******************************************************************
*****
To comply with IRS regulations, we advise you that any discussion of
Federal tax issues in this
e-mail was not intended or written to be used, and cannot be used by you,
(i) to avoid any penalties
imposed under the Internal Revenue Code or (ii) to promote, market or
recommend to another party any
transaction or matter addressed herein.

For more information please go to  http://www.lw.com/docs/irs.pdf
*******************************************************************
*****

This email may contain material that is confidential, privileged and/or
attorney work product for
the sole use of the intended recipient.  Any review, reliance or
distribution by others or forwarding
without express permission is strictly prohibited.  If you are not the
intended recipient, please
contact the sender and delete all copies.

Latham & Watkins LLP

10-04024-FLK11     Doc 279     Filed 05/16/11     Entered 05/16/11 17:07:12     Pg 20 of 22

# EXHIBIT E

| From: | John Munding [munding@crumb-munding.com] |
| Sent: | Monday, May 16, 2011 10:38 AM |
| To: | Flick, Wayne (LA); ashley@crumb-munding.com |
| Cc: | Quartarolo, Amy (LA); Kronstadt, Jessica (LA); Gilhuly, Peter (LA); Dillman, Ted (LA); nli@winstoncashatt.com; cmr@winstoncashatt.com; eleliasen@stoel.com; dblevant@stoel.com |
| Subject: | RE: Centurion Properties III, LLC: Discovery |

Wayne:

I disagree with your conclusions. GECC was provided ample opportunity to inspect the property, as reflected in Mr. Shorett's declaration. No additional experts have been disclosed. Regardless, the next two weeks are jammed with depositions of material witnesses, and a mediation before Judge Hogan. Your proposed time table is not realistic under the circumstances.

However, GECC is invited and encouraged to participate in the mediation set for May 26 and 27 at Spokane.

John D. Munding
Crumb & Munding, P.S.
509-624-6464

---

**From:** wayne.s.flick@lw.com [mailto:wayne.s.flick@lw.com]
**Sent:** Friday, May 13, 2011 5:23 PM
**To:** ashley@crumb-munding.com; munding@crumb-munding.com
**Cc:** Amy.Quartarolo@lw.com; Jessica.Kronstadt@lw.com; PETER.GILHULY@lw.com; Ted.Dillman@lw.com; nli@winstoncashatt.com; cmr@winstoncashatt.com; eleliasen@stoel.com; dblevant@stoel.com
**Subject:** RE: Centurion Properties III, LLC: Discovery

John,

We have reviewed the Debtor's objection to GCC's Rule 34 request for entry upon land. We respectfully disagree with the Debtors' position and write to confer with you. If we cannot resolve the matter promptly, then we will have no choice but to ask the Court to set a prompt telephonic conference.

As you know, rather than set a date certain for the site visit, we provided four alternatives. The Debtor not only has rejected all of them, but has offered no alternative. Given that the existing discovery and hearing schedule has been designed in large part to accommodate the Debtor's delay in beginning its own appraisal process, it is unreasonable for the Debtor simultaneously to seek to preclude GECC from taking discovery in May (which is authorized by the Scheduling Stipulation and Order).

Previous property visits by other potential GECC experts are irrelevant. The present request relates to a different expert and the question is whether it imposes an undue burden on the Debtor. Plainly, it does not. The requested visit will last only approximately one hour, and your attendance is unnecessary. GECC plans to send no counsel. Surely, the Debtor can locate one employee on the property who can set aside one hour on one of four dates in the next two weeks to provide GECC's expert access.

As for the standard provisions in the Rule 34 request relating to the possible asking of questions or the inspection of documents, GECC hereby agrees that its expert will do neither during the requested visit.

Please let us know immediately if the Debtor will agree to permit a brief site visit on one of the four proposed dates.

Many thanks.
wsf

10-04024-FLK11   Doc 279   Filed 05/16/11   Entered 05/16/11 17:07:12   Pg 22 of 22