JOHN D. MUNDING
CRUMB & MUNDING, P.S.
The Davenport Tower, PH 2290
111 S. Post Street
Spokane, WA 99201
509-624-6464
munding@crumb-munding.com

Attorneys for Debtor.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>**CENTURION PROPERTIES III, LLC**<br><br>Debtor | No. 10-04024-FLK 11<br><br>Chapter 11<br><br>**RESPONSE TO GENERAL ELECTRIC CAPITAL CORPORATION'S MOTION TO COMPEL DEBTOR TO PERMIT ENTRY UPON LAND**<br><br>**Hearing Date:** May 17, 2011<br>**Hearing Time:** 1:00 pm<br>**Location:** Telephonic<br>(509.353.3192) |

## I. Introduction

COMES NOW, Centurion Properties III, LLC, ("CPIII" or "Debtor"), by and through its counsel, John D. Munding of Crumb & Munding, P.S., respectfully submits to the Court this Response in Opposition to General Electric Capital

RESPONSE TO GECC'S MOTION TO COMPEL- 1

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 284    Filed 05/17/11    Entered 05/17/11 10:27:39    Pg 1 of 7

Corporation's ("GECC") Motion to Compel. GECC's Motion to Compel should be denied because, based on the record before the Court, GECC has already received extensive information concerning the nature and value of the property at issue, GECC's request is overbroad and burdensome, and the information sought is not listed with particularity. For these reasons, as more fully discussed in Debtor's Objection to GECC's First Request for Entry Upon Land Propounded on Debtor (Munding Dec., Ex. A), GECC's Motion to Compel the underlying Request for Entry Upon Land of Debtor ("Request") should be denied.

## II. The Property

The subject matter of the present motion is the Battelle Memorial Institute located at 3200-3500 Q Avenue, 620 Battelle Blvd., Richland, Washington. The Battelle Property consists of five buildings and related improvements and common areas located on the Battelle campus. The buildings are occupied by Battelle as it operates and manages the Pacific Northwest National Laboratories ("PNNL"). The activities of Battelle and PNNL are conducted on behalf of, and at the direction of, the United States Departments of Energy, Defense, and Homeland Security. Access to the Battelle Property is restricted, subject to security clearance, and requires the presence of an authorized representative.

RESPONSE TO GECC'S MOTION TO COMPEL- 2

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 284    Filed 05/17/11    Entered 05/17/11 10:27:39    Pg 2 of 7

### III. GECC's Request is Overly Broad and Invasive

By way of Rule 34, GECC has recently sought to enter upon the Battelle Property for the purposes of:

1) Inspection of said premises by one of GECC's potential experts in this matter. (Request, p. 2; 11 10-12).

2) The individual inspecting the premises may inspect, measure, survey, photograph, videotape, test, or otherwise sample the above-identified premises during the course of inspection. (Request, p. 2; 11 13-15).

3) Further, the individual inspecting the premises may observe, question, and interview individuals residing at or employed by Battelle. Further, the individual inspecting the premises may inspect, review, and photocopy relevant and discoverable documents located at Battelle. (Request, p. 2; 11 13-15).

Despite familiarity with the Battelle Property and the Battelle protocol, prior inspections, and an agreed to discovery schedule (Docket No. 277), GECC and its counsel desire to proceed on an expedited basis to force intrusive and overly broad discovery based upon their Request. The Debtor has objected to GECC's Request, and incorporates by reference, those objections in this response (Dec. Munding, Ex. A). In addition, the Debtor asks the Court to consider the following points when considering issues raised by GECC's Motion to Compel.

#### 1. The Request Did Not Identify the Expert Seeking Visitation

As the Court will note, GECC's Request fails to identify, with any particularity, the person or persons seeking entry upon the Battelle Property (Docket No. 279).

RESPONSE TO GECC'S MOTION TO COMPEL- 3

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 284    Filed 05/17/11    Entered 05/17/11 10:27:39    Pg 3 of 7

Further, the emails from Mr. Flick are notably silent with respect to identifying any individuals. It was not until yesterday, after a request for an "Emergency Hearing," that it was disclosed that <u>Mr. David Rifkind</u> was the individual seeking access to the property.

Mr. Rifkind is not new to this case. On March 3, 2011, Mr. Rifkind's testimony was offered to this Court in the form of a Declaration (Docket No. 186). By GECC's own evidence, Mr. Rifkind has been involved in this case and offered expert opinions as to the Battelle Property for over two (2) months. During this same period of time, GECC experts and representatives were provided with access to the Battelle Property on March 25, 2011. At no time during this period, or during the period when the Scheduling Order was being discussed, was any request for a site visit by Mr. Rifkind made by GECC counsel.

**2. Battelle Does Not Permit the Activities Requested by GECC**

Battelle, as GECC is well aware, does not permit measuring, surveying, photographing, videotaping, testing, or sampling within the Battelle Property. GECC's request is not appropriate on the Debtor, nor is it authorized by Battelle. GECC's discovery demand is misplaced.

RESPONSE TO GECC'S MOTION TO COMPEL- 4

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 284    Filed 05/17/11    Entered 05/17/11 10:27:39    Pg 4 of 7

### 3. Communication with Battelle Employees and Individuals Residing at the House Unit is Prohibited

GECC seeks access for its experts to "observe, question, and interview individuals residing at or employed by Battelle." First of all, the Debtor does not represent Battelle, its employees, or the residents of the housing unit. The Debtor also cannot permit, authorize, or allow such conduct as Battelle strictly prohibits such activities. Again, the Court is requested to take judicial notice of security measures associated with the Departments of Energy, Defense, and Homeland Security. GECC's request is entirely without cause, justification, or merit.

### IV. Timing, Local Rules, Procedure

The sequence of events is important to put a Motion to Compel in context:

- October/November 2010, GECC's expert from Cushman & Wakefield inspected the Battelle Property.

- March 3, 2011, Mr. David Rifkind filed his Declaration offering expert opinion evidence to the Court (Docket No. 186)

- March 25, 2011, GECC's experts and personnel inspected the Battelle Property.

- May 2, 2011, Mr. Michael Henry's Deposition was noted for May 19 and 20, 2011, in Seattle, Washington.

- May 10, 2011, Debtor received an email from GECC Counsel setting Mr. Rifkind's deposition for July 11, 2011.

RESPONSE TO GECC'S MOTION TO COMPEL- 5

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 284    Filed 05/17/11    Entered 05/17/11 10:27:39    Pg 5 of 7

• May 11, 2011, Debtor received an email request for "one more" expert's visit to the Battelle Property. On the same day, GECC propounded Debtor with its Formal Request for Entry Upon Debtor's Land.

• May 13, 2011, Debtor provided GECC with a Formal Objection to its Request for Entry Upon Debtor's Land.

• May 16, 2011, GECC requested an Emergency Hearing.

• May 16, 2011, GECC disclosed Mr. Rifkind as the expert it seeks to have visit the Battelle Property.

• May 19 and 20, 2011, Depositions in Seattle, Washington.

• May 23 and 24, 2011, Depositions in Seattle, Washington.

• May 26 and 27, 2011, Mediation in Spokane, Washington.

• July 11, 2011, Deposition of Mr. Rifkind in Los Angeles, California.

Mr. Rifkind, now identified, was the subject of prior discussions and discovery scheduling. According to Latham & Watkins Counsel, Mr. Rifkind is not possibly available for a deposition until July 11, 2011. While this late date is prejudicial, accommodation for Latham & Watkins Counsel was made.

GECC and its Counsel had ample opportunity to arrange for Mr. Rifkind's visitation of the Battelle Property on March 25, 2011, with the other GECC experts and personnel. GECC and Counsel also had ample opportunity to discuss a site visit during discussions concerning the Scheduling Order. The Scheduling Order provides for only "written discovery" between May 5 and 31, 2011 due to pending depositions,

RESPONSE TO GECC'S MOTION TO COMPEL- 6

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 284    Filed 05/17/11    Entered 05/17/11 10:27:39    Pg 6 of 7

discovery, and mediation in the Adversary Proceeding. GECC and Counsel chose to remain silent when opportunity existed to discuss and schedule matters. Now, despite the fact that Mr. Rifkind's deposition is not scheduled until July 11, 2011, GECC purports that Mr. Rifkind must receive access to the Battelle Property immediately. There is no real prejudice to GECC by delaying the site visit until early June, 2011.

GECC's failure to disclose the necessity of a site visit during the Scheduling Order discussions, the cryptic failure to identify Mr. Rifkind in the Request and related emails, coupled with the late July 11, 2011 deposition of Mr. Rifkind and the timing of the discovery Request, all are to the prejudice of the Debtor.

## V. Conclusion

Based upon the foregoing, the Debtor requests that GECC's Request be denied. If the Court is inclined to grant Mr. Rifkind an opportunity to visit the Battelle Property, it should be at a mutually agreed upon date after June 1, 2011. The Court is also requested to strike GECC's Request to the extent the Request goes beyond a viewing of the property.

DATED this 17th day of May, 2011.

CRUMB & MUNDING, P.S.

*/s/ John D. Munding*
JOHN D. MUNDING, WSBA #21734
Attorneys for Debtor-in-Possession

RESPONSE TO GECC'S MOTION TO COMPEL- 7

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 284    Filed 05/17/11    Entered 05/17/11 10:27:39    Pg 7 of 7