JOHN D. MUNDING
CRUMB & MUNDING, P.S.
The Davenport Tower, PH 2290
111 S. Post Street
Spokane, WA 99201
509-624-6464
munding@crumb-munding.com

Attorneys for Debtor.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>**Centurion Properties III, LLC**<br><br>Debtor | No. 10-04024-FLK 11<br><br>Chapter 11<br><br>**MOTION TO COMPEL DISCOVERY FROM GENERAL ELECTRIC CAPITAL CORPORATION** |

## I. INTRODUCTION

The Debtor, Centurion Properties III, LLC ("CPIII"), requests this Court's assistance, pursuant to Local Rule 7026-1, and Local Rules of United States District Court 83.1, and Federal Rule of Bankruptcy Procedure 7026 with discovery issues and non-responsiveness by General Electric Capital Corporation ("GECC"). The following issues arise from a contested matter initiated by GECC's Motion to Lift Stay (Docket No. 219), and scheduled four (4) days of evidentiary hearings set to

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 1

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 307    Filed 06/06/11    Entered 06/06/11 10:26:32    Pg 1 of 9

commence July 19, 2011 (Docket No. 261). The Court should take judicial notice of GECC's prior pleadings (Docket Nos. 219, 221, 222, 223, 225, 226) and audio file (Docket No. 244), which reflect that GECC and its counsel have presented their evidence and requested that this Court rule upon such evidence at a preliminary hearing that was to be scheduled for the first part of May 2011. GECC's urgency is a reflection upon their evidence.

CPIII has not only tested GECC's evidence, but has demonstrated beyond a doubt that GECC's evidence was without factual support. (Stamper Decl., Docket No. 302; Gibbons Decl., Docket No. 301; Chamberlin Appraisal, Docket Nos. 303, 304, 305). CPIII also propounded discovery and attempted to schedule the depositions of GECC's witnesses. While GECC is well represented and well versed in discovery tactics, the present method of response by objection does not advance the litigation and only runs up costs. In summary, CPIII requests the Court's assistance in obtaining resolution of the following:

1. **Interrogatories.** CPIII requests that this Court direct GECC to answer the interrogatories as propounded. (Munding Decl., June 6, 2011).

2. **Requests for Production.** CPIII requests that this Court direct GECC to answer the Requests for Production as propounded. (Munding Decl., June 6, 2011).

3. **Production of the July 2009 Appraisal.** In his Appraisal Certification, GECC's appraiser, Mr. Peter Shorett of Kidder

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 2

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 307    Filed 06/06/11    Entered 06/06/11 10:26:32    Pg 2 of 9

Mathews, certifies that Kidder Mathews has provided a comprehensive appraisal of the subject property with a date of value of July 21, 2009. (Docket No. 223-2, p. ii). GECC refuses to produce this prior appraisal; therefore, CPIII requests that this Court direct GECC to produce that July 21, 2009 appraisal.

4. **Production of the Cushman & Wakefield Appraisal Work.** In October of 2010, GECC commissioned certain appraisal work from Robert Taylor of Cushman & Wakefield. GECC refuses to produce this appraisal work; therefore, CPIII requests that this Court direct GECC to produce that appraisal work and any related documents.

5. **Depositions of Peter Shorett, Sebastian Perin, David Rifkind, and Mike Malloy.** GECC is unable to commit to dates for the depositions of the foregoing individuals based upon unavailability of counsel and the deponents. Therefore, CPIII requests that this Court direct GECC to schedule the depositions of the foregoing individuals in mid-June.

6. **Failure to Produce Records until After June 24, 2011.** GECC's responses to CPIII's Interrogatories and Requests for Production state that production of certain documents will occur at the time its Rule 7026(a) disclosures are due, June 24, 2011. Therefore, CPIII requests that this Court direct GECC to produce the records consistent with CPIII's discovery request.

While CPIII is skeptical of GECC's responses, objections, and alleged scheduling conflicts, the bottom line is that CPIII needs this discovery sooner rather than later to prepare for depositions and trial.

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 3

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 307    Filed 06/06/11    Entered 06/06/11 10:26:32    Pg 3 of 9

## II. LEGAL ANALYSIS

A district court has wide discretion in controlling discovery. *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). Moreover, pre-trial discovery is ordinarily "accorded a broad and liberal treatment." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). A party may object to a request for production; however, the grounds for objection must be stated with specificity. Fed. R. Civ. P. 34(b)(2). Absent a valid objection, the production of evidence can be compelled regarding any matter "relevant to the subject matter involved in the action" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This broad discovery right is based on the general principle that litigants have a right to "every man's evidence," and that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993).

The Debtor has held a Local Rule 7026-1(b) conference by telephone on Friday, June 3, 2011, whereby Debtor and GECC went over each issue identified above. None of these issues were resolved.

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 4

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 307    Filed 06/06/11    Entered 06/06/11 10:26:32    Pg 4 of 9

## III. DISCOVERY AT ISSUE

A. Written Interrogatories

CPIII, recognizing this is responsive to a motion to lift stay, directed and prepared only six (6) very specific Interrogatories. (Munding Decl., June 6, 2011). Each of the six (6) Interrogatories received an objection. (Munding Decl., June 6, 2011). The delay in GECC's response, coupled with its completely non-responsive answers, is prejudicial to CPIII as it needs this discovery to test GECC's evidence, prepare for hearing, and meet GECC's aggressive pre-hearing schedule.

B. Requests for Production

CPIII, recognizing this is responsive to a motion to lift stay, directed and prepared twenty-two (22) Requests for Production. All twenty-two (22) of the Requests for Production received an objection. (Munding Decl., June 6, 2011). Worth noting is that even a simple request for verification of loan payment history and proof of application of payments received were objected to by GECC. This is an indication of a litigation pattern and practice intended to disrupt and delay CPIII's legitimate discovery needs.

C. Production of the July 2009 Appraisal

GECC's alleged expert, Mr. Peter Shorett, relied upon a "comprehensive appraisal with a date of value of July 21, 2009" in preparing his recent Appraisal,

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 5

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 307    Filed 06/06/11    Entered 06/06/11 10:26:32    Pg 5 of 9

dated March 25, 2011. For some reason, GECC refuses to produce this Appraisal. As CPIII's expert, Mr. Gibbons of Gibbons & Riely, PLLC, has prepared a comprehensive review of Mr. Shorett's Appraisal. (Docket No. 301). Mr. Gibbons found Mr. Shorett's methods, analysis, and conclusions totally flawed and provided a corrected valuation of $85,500,000, more than $20 million more than Mr. Shorett's value conclusion. GECC's refusal to produce the Appraisal is transparent, the July 2009 Appraisal will further undermine Mr. Shorett's analyses. Mr. Shorett's evidence and testimony will be the subject of a Motion to Exclude. CPIII needs the July 2009 Appraisal to proceed with its Motion and further corroborate the problems with Mr. Shorett's analyses.

D. <u>Production of the Cushman & Wakefield Appraisal Work</u>

GECC's retained an appraiser, Mr. Robert Taylor of Cushman & Wakefield, to appraise CPIII's interest in the Battelle Property. GECC demanded and received access to the Property for its appraiser to view, inspect, and value the Battelle Property in October or November of 2010. GECC's demand and authority to inspect and have the Property appraised by Mr. Taylor was pursuant to the terms and conditions of the GECC Loan Documents. (Munding Decl., June 6, 2011). Mr. Taylor's employment was terminated by GECC and he was replaced by Mr. Shorett only after Mr. Taylor inspected and completed a walk-through of the Battelle Property. GECC refuses to

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 6

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

produce any documentation relating to Mr. Taylor's walk-through, including the resulting valuation. (Munding Decl., June 6, 2011). In light of the problems with Mr. Shorett's Appraisal, it is anticipated that documents of Cushman & Wakefield will demonstrate that GECC was not happy with Mr. Taylor's analysis and conclusions as to the value of the Battelle Property. As such, GECC hired a second appraiser to provide a lower value of the Battelle Property that coincidentally corresponds with the alleged debt owed to GECC.

E. Depositions of Peter Shorett, Sebastian Perin, David Rifkind, and Mike Malloy

CPIII has coordinated the dates for deposing its experts and appraisers in a manner that accommodated GECC. Such accommodation was in reliance upon the expectation that GECC would provide Debtor's counsel with the same courtesy. As of Friday, June 3, 2011, GECC will not commit to deposition dates for its experts or fact witnesses, Peter Shorett, Sebastian Perin, or Mike Malloy. GECC now asserts numerous excuses for scheduling such depositions. GECC has eight (8) attorneys of record. At this point, GECC's inability to schedule deposition dates is perceived as an obvious tactic to delay CPIII's preparation for the upcoming hearing.

F. Failure to Produce Records until After June 24, 2011

CPIII requested discoverable documents in its Requests for Production to GECC. In addition to launching numerous objections to each request, GECC has

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 7

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 307    Filed 06/06/11    Entered 06/06/11 10:26:32    Pg 7 of 9

agreed to produce documents only at the time its Rebuttal Rule 7026(a) disclosures are due. GECC already requested that this Court consider its expert's reports as fact. It is worth mentioning that GECC refused to eve provide their appraiser's resume until June 24, 2011. (Munding Decl., June 6, 2011). GECC appears to be engaging in a practice of delaying discovery to hinder CPIII's ability to discover and develop its defense to GECC's claims.

## IV. <u>CONCLUSION</u>

GECC aggressively presented its evidence and requested that this Court rule upon its evidence by early May 2011, within the statutory thirty (30) day time period. GECC already presented the Shorett Appraisal and GECC must stand behind it or withdraw it. While GECC, at its expense, is entitled to use its many attorneys as it desires and to engage in aggressive discovery practices, such practices must be considered in conjunction with the expedited manner GECC sought to have this case heard before the Court. GECC's blanket objections, refusal to produce documents that are damaging to its case, and delay in deposition scheduling only prejudices CPIII's preparation of its opposition to GECC's Motion. GECC's transparent discovery practices and methods are for the Court's evaluation and judgment. CPIII requests the Court's assistance in obtaining answers and information responsive to its

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 8

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 307    Filed 06/06/11    Entered 06/06/11 10:26:32    Pg 8 of 9

reasonable discovery requests, so it may prepare its case against GECC's expedited Motion.

DATED this 6th day of June, 2011.

CRUMB & MUNDING, P.S.

_____
JOHN D. MUNDING, WSBA #21734
Attorneys for Debtor

OBJECTION TO GECC'S FIRST REQUEST FOR
ENTRY UPON LAND PROPOUNDED ON DEBTOR- 9

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 307    Filed 06/06/11    Entered 06/06/11 10:26:32    Pg 9 of 9