STOEL RIVES LLP
  David B. Levant
  Erin L. Eliasen
600 University Street, Suite 3600
Seattle, Washington 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
dblevant@stoel.com
eleliasen@stoel.com

LATHAM & WATKINS LLP
  Peter M. Gilhuly (*admitted pro hac vice*)
  Wayne S. Flick (*admitted pro hac vice*)
  Amy C. Quartarolo (*admitted pro hac vice*)
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
peter.gilhuly@lw.com
wayne.s.flick@lw.com
amy.quartarolo@lw.com

Attorneys for General Electric Capital Corporation

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| CENTURION PROPERTIES III, LLC | Case No. 10-04024-FLK 11 |
|     Debtor and Debtor-in-Possession. | **GENERAL ELECTRIC CAPITAL CORPORATION'S RESPONSE TO DEBTOR'S MOTION TO COMPEL DISCOVERY** |
| | **Hearing Date:** June 9, 2011<br>**Heating Time:** 9:30 a.m.<br>**Location:** Telephonic<br>(509) 353-3192 |

/ / /

/ / /

/ / /

/ / /

/ / /

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

LA\2267198.4

GENERAL ELECTRIC CAPITAL CORPORATION'S RESPONSE TO
DEBTOR'S MOTION TO COMPEL DISCOVERY

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On June 6, the Debtor filed a Motion to Compel Discovery (the "Motion"). The Motion lacks substantive merit, is procedurally defective and violates the Local Rules of this Court. It should be denied for at least the following reasons:

*First*, the Motion ignores the significant efforts General Electric Capital Corporation ("GECC") has made during the last few weeks to confer with the Debtor to work through legitimate discovery objections and to work out mutually agreeable search terms for GECC's electronic discovery, which is necessitated by the Debtor's exceedingly broad document requests. Those efforts were rebuffed for several weeks because the Debtor was preoccupied on other matters. The Debtor finally made time to confer last week, agreed to consider the scheduling and substantive issues discussed and was to have continued the conference of counsel on June 6. Instead, the Debtor simply filed its Motion and set it for hearing on June 9, thereby violating Local Rule 7026-1(b).

*Second*, to the extent the Motion seeks to compel responses to interrogatories and document requests, it contains no substantive discussion of any of the requests or GECC's objections, presents no justification for the broad discovery sought, and explains none of the parties' discussions concerning the scope of the Debtor's discovery requests. The Debtor's apparent suggestion that the Court should on its own review each of the Debtor's individual discovery requests and GECC's corresponding objections is unreasonable.

*Third,* GECC has no interest in prejudicing the Debtor by creating any scheduling hardships. Indeed, the key reason GECC reached out to the Debtor immediately upon receiving the Debtor's discovery was to attempt to avoid any scheduling difficulties. That strategy was unsuccessful. To be fair to the Debtor, however, not all of the existing scheduling difficulties relate to the Debtor's recent preoccupation on other matters. GECC's primary counsel in this matter have a

1   jury trial scheduled to begin the week of June 20 – a fact GECC made known to

2   the Debtor and the Court when the Scheduling Order was negotiated.

3   Unfortunately, this has interfered with the parties' ability to accomplish

4   depositions in this case during that week and the few days before – effectively

5   leaving only eight days before the Pretrial Conference and discovery cutoff for the

6   parties to accomplish the depositions of five experts, at least four party-related

7   witnesses and, now, third-party deposition discovery necessitated by one of the

8   Debtor's June 1 first-round expert disclosures.[1]  All things considered, the existing

9   agreed-upon schedule was unduly optimistic.

10         With these realities in mind, on June 6, GECC sent the following email to

11   the Debtor at the same time the Debtor was filing its Motion:

> Further to our discovery conference on Friday, we have considered over the weekend the various scheduling issues that are making completion of discovery difficult on the existing schedule.  As we explained, due to a trial set for the week of June 20 in Los Angeles, with last-minute trial prep the week before, it is impossible for us to commit to schedule depositions in this matter during that two-week period.  As you know, the following week is already jammed with the tentatively scheduled depositions of the Debtor's experts and the Debtor, making it impossible as a practical matter for the Debtor to put anything on calendar until after the July 4 holiday, which allows only three days before pre-trial disclosures are due and before the Pretrial Conference.  Also as we indicated, while GECC is collecting electronic data in response to the Debtor's document requests (about which we need to continue our discussions with you), it is unlikely that we will be in a position to produce responsive, non-privileged data for a few weeks (depending in large part upon the volume of potentially responsive data our client provides us).  We recognize that this will make it practically impossible for the Debtor to review those documents and to use them in deposing GECC witnesses.

23         While the parties have fundamentally different positions in this

---

25  [1]    As discussed below, GECC will need to depose representatives from Wells

26  Fargo and U.S. Bank, from whom one of the Debtor's experts solicited

27  "expressions of interest" to refinance the leasehold interests that are the subject of

28  this matter.  There is no time to do so under the existing schedule.

LATHAM&WATKINS LLP  LA\2267198.4
ATTORNEYS AT LAW
LOS ANGELES

GENERAL ELECTRIC CAPITAL CORPORATION'S RESPONSE TO
DEBTOR'S MOTION  TO COMPEL DISCOVERY

> case, we do not wish to have any party prejudiced by mere scheduling issues, and we believe the Court would expect us to work this out with you. Consequently, seeing no other reasonable alternative, we are prepared to recommend to GECC that the parties stipulate to a continuance of the existing schedule to allow for the reasonable completion of fact and expert discovery without either side being forced to cram discovery into an accelerated schedule.
>
> We would like to discuss this with you today, at your earliest convenience. Please let me know when you would be available for a phone call on this subject.

(Decl. of Amy C. Quartarolo ("Quartarolo Decl."), Ex. C.) The Debtor has since agreed to a continuance in principle and GECC has contacted the Court to determine its availability in late September or early October.

*Fourth*, well before the Motion was filed, GECC explained to the Debtor precisely how to obtain a copy of a July 2009 appraisal the Debtor seeks from the Kidder Mathews firm – the firm at which one of GECC's experts (Peter Shorett) works. That appraisal was *not* performed by Shorett and was not prepared for GECC. Another Kidder Mathews professional prepared it two years ago for a different client. Due to the other client's proprietary interest in the appraisal, Kidder Mathews advised GECC that it could be produced only in response to a formal subpoena. GECC promptly advised the Debtor to serve a subpoena directly on Kidder Mathews to obtain this appraisal. For reasons known only to it, however, the Debtor has chosen not to do so and instead included the issue in its Motion.

*Fifth*, as GECC and the Debtor have repeatedly discussed, Robert Taylor of Cushman & Wakefield was retained by GECC in connection with this litigation as a consultant, but was not designated as a testifying expert. Rule 7026(a)(4)(D) puts his work beyond the reach of discovery absent exceptional circumstances. The Motion contains absolutely no showing of exceptional circumstances and no analysis of the applicable work product and privilege protections.

/ / /

*Sixth*, the Debtor's complaint about the timing of GECC's anticipated expert disclosures and depositions is puzzling. Even under the existing Scheduling Order, GECC's expert disclosures are due on June 24, and the Debtor's depositions of GECC's experts are to begin on June 29 (and Rifkind's deposition is to occur on July 11). Although the existing schedule has become unworkable overall, GECC has at no time indicated to the Debtor that it would not comply with these deadlines. The Motion offers no basis to disregard the Scheduling Order or to require GECC to produce its expert-related documents and disclosures and to produce its experts for deposition *before* the existing dates established for doing so.

For these reasons, and those set forth below, GECC respectfully requests that the Court (i) modify the existing Scheduling Order as set forth below, (ii) deny the Motion as it relates to discovery concerning Cushman & Wakefield's privileged work for GECC, and (iii) otherwise order the parties to resume their meet and confer efforts in order to seek to resolve the remaining discovery issues.

## II.   ARGUMENT

### A.   Modification Of The Existing Scheduling Order Is Necessary In Order To Accommodate The Completion of Fact And Expert Discovery And Unavoidable Scheduling Conflicts

As the Court knows, GECC previously sought a more aggressive schedule than is provided for under the existing Scheduling Order. Unfortunately, however, the combined effect of several factors has made the existing schedule unworkable for both sides and as much as GECC believes that resolution of its Motion For Relief From Stay [Docket No. 219] sooner would be preferable, the existing schedule must give way to the practical realities the parties now face. Specifically:

- **Additional time is required to narrow the Debtor's discovery and for both parties to complete electronic discovery.** The Debtor's broad discovery requests require collection, processing, review and production of substantial electronic discovery from as many as 10 GECC custodians. While the collection

effort has begun, many of the Debtor's requests are objectionable and the parties have not fully met and conferred to narrow the objectionable requests (*see* section II.C.1. below).  Indeed, the Debtor filed its Motion in the midst of the conference of counsel, and has thus far not agreed to tailor *any* of its requests.[2]  The Motion contains no discussion of any of the Debtor's individual requests or GECC's objections, and does not detail any of the parties' discussions to date.  Instead, the Debtor merely filed GECC's written responses and objections and apparently expects the Court to wade through them on its own, on an expedited basis.[3]  Even most optimistically, assuming the parties are able to reach agreement on the scope of the electronic discovery the Debtor seeks, GECC is unlikely to be in a position to produce electronic data for two to three weeks.[4]  It will be longer if proper motion practice and resolution by this Court are required.

Moreover, while the Debtor has produced limited documents responsive to GECC's discovery requests, it has conducted *no* e-discovery and has not completed its document production.  The parties are conferring about this as well.

- **Additional time is required to conduct third-party discovery.**  As explained in section II.B. below, additional time is needed for GECC to depose

---

[2]    In this regard, the Motion does not comply with Local Rule 7026-1(b) and, pursuant to the Rule, should not be heard until compliance has occurred.

[3]    In this regard, the Motion violates Local Rule 7026-1(d).

[4]    While the Debtor withheld documents on the ground that they are confidential and maintains that they will not be produced until a protective order is executed, the Debtor has refused to engage in a meaningful discussion regarding an appropriate protective order despite numerous attempts by GECC.  GECC, on the other hand, has already produced documents designated as "Confidential" with the understanding that the Debtor will maintain such documents as confidential while the parties negotiate an appropriate protective order.

Wells Fargo and U.S. Bank concerning their supposed expressions of interest in refinancing the Battelle leaseholds. Even if the Debtor cooperates with this discovery, it will likely take at least 30 days to issue subpoenae and to negotiate agreeable dates for these depositions with the Debtor and with the banks.

- **GECC's counsel has a conflicting trial during the week of June 20.** This scheduling issue was previewed with the Debtor when the existing schedule was negotiated. At this time, it creates a conflict that makes it a practical impossibility to accomplish depositions during that week or the few days before trial, as the Debtor has proposed to do. Moreover, under the existing schedule, GECC's depositions of the Debtor's experts are to occur on June 27-29, and GECC intended to take fact witness depositions on June 30 and, if necessary, July 1. The Debtor's depositions of GECC's experts are not set to occur before June 29, except that David Rifkind's deposition is set for July 11. With the Pretrial Conference and discovery cutoff set for July 8, the existing schedule leaves only three court days (July 5-7) to accomplish all remaining discovery. This is insufficient.

With the foregoing in mind, GECC proposed to the Debtor on June 6 that the parties consider modifying the Scheduling Order. (Quartarolo Decl., Ex. C.) Later that day, GECC specifically proposed a modified schedule and invited the Debtor's input. (Quartarolo Decl., Ex. D.) Later in the day, the Debtor sent GECC a letter agreeing generally to a continuance and offering to confer more specifically on June 7. (Quartarolo Decl., Ex. E.) GECC remains hopeful that these negotiations will render the Motion moot.

**B.      The Debtor's First Round Of Expert Disclosures Reveals The Need For Third-Party Discovery For Which There Is No Time In the Existing Schedule**

On June 1, the Debtor served, among other things, the Declaration of Randall L. Stamper, Special Counsel to the Debtor, who proposes to testify as an expert on the availability of replacement financing. (Docket No. 302.) Stamper

GENERAL ELECTRIC CAPITAL CORPORATION'S RESPONSE TO
DEBTOR'S MOTION  TO COMPEL DISCOVERY

states that "it would be unreasonable to be able to timely negotiate and obtain binding commitments from any lender for the refinancing of the Battelle Property." (*Id.* at 4, ¶ 10.) Therefore, he solicited letters of interest from three lenders. (*Id.*) To date, he has received responses from two – U.S. Bank and Wells Fargo. (*Id.* at 16, ¶ 21 and Exhibits H & I thereto.)[5] In forming his opinions, Stamper places pivotal reliance on these letters and concludes, contrary to the opinion of GECC's financing expert, that the Debtor's leasehold interests in the Battelle Property can be refinanced on terms with which he believes the Debtor may be able to comply.[6]

This new information requires follow-up discovery by GECC. Once conflict issues are addressed, GECC intends to depose both lenders concerning their true interest in, and the availability of, refinancing, and to explore in greater detail the requirements for any such financing. GECC anticipates that the Debtor will object to this discovery – but, if there exists a genuine possibility of refinancing, then the Debtor should welcome the effort by GECC to examine that question. In any event, GECC should not be required to accept the opinion of one of the Debtor's lawyers on this issue and should be permitted time to obtain this discovery. Unfortunately, there is no time in the existing schedule to do so.

/ / /

/ / /

---

[5]     Stamper also notes that J.P. Morgan Chase Bank "is still in the process of reviewing our RFP." (Docket No. 302 at 16, ¶ 22, and Exhibit J thereto.)

[6]     As one indication of the flimsiness of these "expressions of interest," both Wells Fargo and U.S. Bank state that, among other things, they would require significant personal guaranty from Michael Henry, the Debtor's principal. Neither lender has apparently had access to any financial information from Henry, but Stamper opines that Henry's financial information "should meet the guarantor requirements." (Docket No. 302 at 21, ¶ 33(c).)

10-04024-FLK11    Doc 316    Filed 06/07/11    Entered 06/07/11 16:51:06    Pg 8 of 14

**C.      The Motion Articulates No Legitimate Justification To Compel GECC To Respond To All Of The Disputed Discovery And To Overrule All Of GECC's Objections To That Discovery**

1.      <u>The Debtor Failed To Complete The Meet And Confer Process As Required Under Applicable Local Rules</u>

The Debtor correctly notes that the parties conferred on Friday, June 3, 2011, concerning the scope and substance of the Debtor's requests, GECC's responses and objections thereto and the first round of GECC's document production (which, as GECC promised, was turned over on June 6). (Quartarolo Decl., ¶¶ 6-7.) No overall resolution was reached, but the parties agreed to reconvene early this week. (*Id.*) Instead, the Debtor opted to file its Motion.

2.      <u>The Debtor Fails To Articulate Any Way In Which Any Of GECC's Interrogatory Responses Are Deficient</u>

The Motion offers no explanation as to how GECC's Interrogatory Responses are deficient or why any of its objections are unfounded. A motion to compel discovery should specifically identify the portions of the responses that are allegedly inadequate and explain what information would be necessary to make the responses adequate. *See Kane v. City of Bainbridge Island*, 2011 U.S. Dist. LEXIS 51424, *6-7 (W.D. Wash. May 13, 2011) (denying motion to compel because it did not "specify any particular interrogatory or request for production" it found inadequate and failed to "identify[] particular issues" with any of the allegedly deficient responses); *Wilkerson v. Woodford*, 2010 U.S. Dist. LEXIS 91829, *3-4 (E.D. Cal. Aug. 6, 2010) (denying plaintiff's motion to compel because it "failed to specify how defendant's responses [were] deficient or what additional information he [sought]"); *Walker v. Karelas*, 2009 U.S. Dist. LEXIS 94151, *1, *3 (E.D. Cal. Sept. 18, 2009) (denying motion to compel that made no specific arguments as to why defendant's discovery responses were inadequate and was essentially asking "the court to make his arguments for him"); *Strain v. Sandham*, 2007 U.S. Dist. LEXIS 24394, *15 (E.D. Cal. Mar. 20, 2007) (in any motion to compel, the

moving party should "identify any request for production[] upon which he seeks further production, set forth the response and state how it is inadequate, and inform the court in what manner his request is reasonably calculated to lead to the discovery of admissible evidence.").

Indeed, the Motion contains nothing more than a passing and general reference to the Debtor's Interrogatories and offers no argument or analysis as to why an Order compelling further responses is warranted. (Motion at 5.) Rather, contrary to Local Rule 7026-1(d), the Debtor merely attaches GECC's responses. (*See* Decl. of John D. Munding [Docket No. 308] ("Munding Decl."), Ex. A.)

Moreover, documents identified by GECC in response to the Interrogatories were produced on June 6. (Quartarolo Decl., ¶¶ 6-7.) During the initial conference of counsel, GECC invited a further dialogue if the Debtor determined that it required information beyond that which GECC has now provided. The Debtor inexplicably did not wait to review that information before filing the Motion.

> 3.  The Debtor Articulates No Reason Why An Order Compelling The Production Of All Documents Requested Is Warranted

On May 13, 2011, the Debtor served 22 extremely broad document requests on GECC. (Quartarolo Decl., ¶ 2.) On May 27, GECC served timely objections and responses. (*Id.* at ¶ 3.) As with its argument concerning the Interrogatories, the Debtor makes no attempt to demonstrate how its requests are appropriate given the scope and substance of the contested matter before the Court, or how GECC's objections are unfounded.

Indeed, while GECC objected to many of the Debtor's requests, it has produced documents in response to eight of them (Nos. 1, 2, 3, 7, 8, 11, 14 and 21). For those requests that seek documents regarding GECC's anticipated experts, GECC responded that it will produce documents in accordance with the Scheduling Order, under which GECC's expert designations and accompanying

/ / /

disclosures are due on June 24.[7]  There can be no prejudice to the Debtor when, even under the existing schedule, depositions for GECC's experts are not set to begin until at least June 29.

As to 10 additional requests, GECC objected but responded that it was amenable to considering more narrowly tailored requests and invited the Debtor to confer (Nos. 4, 5, 6, 10, 11, 12, 13, 18, 19 and 20).  The Debtor declined to narrow any of its requests.  (Quartarolo Decl., ¶ 6.)

Almost immediately upon receiving the Debtor's requests, GECC began to compose an e-discovery plan and to engage the Debtor concerning appropriate search terms.  (Quartarolo Decl., ¶ 4, Ex. A.)  The Debtor initially failed to respond, and then, after repeated emails, promised to respond further but never did.  (Quartarolo Decl., ¶ 5, Ex. B.)  To the extent full e-discovery is necessary (as it appears to be given the scope of the Debtor's document requests), GECC has advised the Debtor that it will take several weeks to complete its production.  (Quartarolo Decl., ¶ 6.)  As GECC has advised the Debtor, it will move forward with its collection and production efforts as expeditiously as possible.

The fact remains, however, that most of the Debtor's requests are objectionable.  For example, many appear to seek information related solely to the Debtor's dispute with the alleged junior lienholders in the ongoing adversary proceeding and do not concern any of the issues raised by GECC's Motion For Relief From Stay (Nos. 11, 12, 13).  Other requests seek information protected by the attorney-client privilege and/or work product protection (*i.e.*, No. 17; *see also* section II.E. below).

---

[7]  While the Debtor claims that GECC has refused to produce Shorett's resume until June 24 (Motion at 8), the Debtor in fact has a copy of Shorett's resume.  It is contained as Ex. A to the Declaration of Peter Shorett filed in support of GECC's Motion For Relief From Stay [Docket No. 225].

10-04024-FLK11    Doc 316    Filed 06/07/11    Entered 06/07/11 16:51:06    Pg 11 of 14

Simply put, the Debtor's Motion does not demonstrate that GECC's responses are deficient or that its document production and efforts to engage in a meaningful dialogue concerning further e-discovery warrant intervention by this Court or an Order compelling discovery at this time.

**D.      The Debtor Must Subpoena The July 2009 Appraisal From Kidder Mathews**

The Debtor seeks production of a July 2009 appraisal performed by an appraiser other than GECC's expert (Peter Shorett) at the request of a client other than GECC.  The July 2009 appraisal is proprietary, but Kidder Mathews, Shorett's employer, has indicated that it will produce the appraisal if the Debtor formally serves a subpoena on Kidder Mathews.[8]  GECC does not have a copy of the appraisal in its possession and, thus, cannot produce it.  During the June 3 conference of counsel, GECC advised the Debtor of these facts and invited it to serve a subpoena directly on Kidder Mathews.  For reasons not explained, the Debtor has chosen not to do so.

**E.      The Work Performed By GECC's Non-Testifying Expert, Cushman & Wakefield, Is Not Subject to Discovery**

Robert Taylor of Cushman & Wakefield was retained by GECC in connection with this litigation as a consultant and has not been designated as a testifying expert.  The Debtor argues that work performed by Cushman & Wakefield is nevertheless discoverable because GECC retained Taylor and because he was given access to the Battelle Property.  (*See* Motion at 6; Munding Decl., Ex. B.)  The Debtor's argument has no legal support and, notably, the Debtor offers none.  Unless GECC identifies Taylor as a testifying expert, absent exceptional

/ / /

---

[8]      The subpoena the Debtor informally sent to GECC is directed to Peter Shorett (not Kidder Mathews) and was never formally served.

10-04024-FLK11    Doc 316    Filed 06/07/11    Entered 06/07/11 16:51:06    Pg 12 of 14

1  circumstances, his work product is protected by the attorney-client privilege and

2  the work product doctrine.

3  Under Federal Rule of Civil Procedure 26(b)(4)(D), applicable here through

4  Federal Rule of Bankruptcy Procedure 7026, the work product of an individual

5  "retained . . . in anticipation of litigation or to prepare for trial and is not expected

6  to be called as a witness at trial" is shielded from discovery absent a showing of

7  "exceptional circumstances." Fed. R. Civ. P. 26(b)(4)(D); Fed. R. Civ. P. 26

8  Advisory Committee's Notes ("discovery is limited to trial witnesses. . . ."). As

9  such, the Debtor must demonstrate exceptional circumstances to justify discovery

10 from or concerning Taylor. *See U.S. Inspection Servs., Inc. v. NL Engineered*

11 *Solutions, LLC*, 268 F.R.D. 614, 623 (N.D. Cal. 2010); *In re Pizza Time Theatre*

12 *Sec. Litigation*, 113 F.R.D. 94, 96 (N.D. Cal. 1986). The Debtor has wholly failed

13 to make any such showing. *See also Metzler Constr. Co. v. Stephens*, 642 F. Supp.

14 2d 1192, 1205 (D. Haw. 2009) (denying motion to compel communications

15 between defendants and their non-testifying consulting experts because such

16 communications were protected by the work product doctrine).

17 None of the communications submitted by the Debtor with its Motion alters

18 this analysis or demonstrates exceptional circumstances. (Munding Decl., Ex. B at

19 28-31.) Those communications merely show that GECC engaged an appraiser and

20 that he obtained access to the Battelle Property. The Debtor has not demonstrated

21 any exceptional circumstances, let alone circumstances sufficient to overcome the

22 protections applicable to its non-testifying expert's litigation consulting services.

23 **III.  CONCLUSION**

24 GECC respectfully requests that this Court (i) modify the existing

25 Scheduling Order as proposed herein, (ii) deny the Motion as it relates to discovery

26 / / /

27 / / /

28 / / /

into Cushman & Wakefield's privileged work for GECC, and (iii) order the parties to confer further in order to seek to resolve the remaining discovery issues.

DATED: June 7, 2011       Respectfully submitted,

STOEL RIVES LLP


By:    /s/ David B. Levant
     David B. Levant, WSBA No. 20528
     Erin L. Eliasen, WSBA No. 37606

and

Primary Counsel:        LATHAM & WATKINS LLP
(Please Contact        Peter M. Gilhuly (*admitted pro hac vice*)
Primary Counsel)       Wayne S. Flick (*admitted pro have vice*)
                   Amy C. Quartarolo (*admitted pro hac vice*)
                   355 South Grand Avenue
                   Los Angeles, California 90071-1560
                   Telephone: (213) 485-1234
                   Facsimile: (213) 891-8763
                   peter.gilhuly@lw.com
                   wayne.s.flick@lw.com
                   amy.quartarolo@lw.com

Attorneys for General Electric Capital Corporation