JOHN D. MUNDING
CRUMB & MUNDING, P.S.
Davenport Tower, PH 2290
111 S. Post Street
Spokane, WA 99201
509-624-6464
munding@crumb-munding.com

Attorneys for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| In re<br><br>**CENTURION PROPERTIES III, LLC,**<br><br>Debtor. | No. 10-04024-FLK 11<br><br>Chapter 11<br><br>**REPLY TO GENERAL ELECTRIC CAPITAL CORPORATION'S RESPONSE TO DEBTOR'S MOTION TO COMPEL DISCOVERY**<br><br>**Hearing Date:** June 9, 2011<br>**Hearing Time:** 9:30 am PST<br>**Location:** Telephonic<br>(509) 353-3192 |

## I. REPLY

The Debtor Centurion Properties III, LLC ("CPIII") files this Reply to General Electric Capital Corporation's ("GECC") Response to Debtor's Motion to Compel. (Docket No. 316).

REPLY TO GECC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL- 1

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER, PH 2290
111 S. POST STREET
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 319    Filed 06/08/11    Entered 06/08/11 11:12:16    Pg 1 of 10

## A. Timing

The Debtor's Motion to Compel (the "Motion") was filed on Monday, June 6, 2011, at 10:26 am. (Docket No. 307). The Motion was filed after CPIII's receipt of GECC's blanket objections, failure to produce any documents, significant impasse on numerous issues, and a failed discovery conference on Friday, June 3, 2011. Under GECC's aggressive trial schedule and discovery tactics, Court intervention is necessary to assist CPIII with preparation of its defense. CPIII's Motion (Docket No. 307), was filed prior to any notification from GECC that it was requesting a continuance.

## B. Interrogatories

GECC's response to the Motion argues that CPIII "fails to articulate any way in which any of GECC's Interrogatory Responses are deficient." (Docket No. 316, p. 9, ll. 11-12). This is a lift stay motion and CPIII only propounded six (6) interrogatories on GECC. (Docket No. 308, Munding Decl., Ex. A). GECC provided two answers to CPIII's Interrogatories: (i) the identification of the answering party in response to Interrogatory No. 1 and (ii) the identification of Mr. Shorett's Appraisal in response to Interrogatory No. 4. The other four interrogatories received no response, only objections. GECC's argument that CPIII must identify the deficiencies of each

REPLY TO GECC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL- 2

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER, PH 2290
111 S. POST STREET
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 319    Filed 06/08/11    Entered 06/08/11 11:12:16    Pg 2 of 10

interrogatory response is disingenuous at best, considering GECC's utter failure to provide answers at all.

C. Request for Production

GECC argues and represents to the Court that, " GECC's document production, (which, as GECC promised, was turned over on June 6)." (Docket No. 316, p. 9, ll. 7-8). First, GECC produced what is believed to be a payment history and other documents, received by CPIII on June 7, 2011. That production included a disk, but CPIII is not optimistic that the disk contains "GECC's Document Production" as represented in the pleadings. Nonetheless, CPIII, at this time, will withdraw, without prejudice, its Motion to Compel the Requests for Production so it can review the documents GECC produced and determine if they are responsive to its May 15, 2011 Requests.

D. July 2009 Appraisal

Mr. Shorett's Appraisal, offered to this Court by GECC and its Counsel, certified that "We have provided professional appraisal or consulting services concerning the subject property within the past three years. Services provided include a comprehensive appraisal with a date of value of July 21, 2009." (Docket No. 223-2, p. ii, (9)). Mr. Shorett used the word "we," which is a plural, possessive pronoun. Therefore, Mr. Shorett clearly represented that his firm recently provided an appraisal

REPLY TO GECC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL- 3

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER, PH 2290
111 S. POST STREET
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 319    Filed 06/08/11    Entered 06/08/11 11:12:16    Pg 3 of 10

on that Battelle Property which, at the very least, Mr. Shorett had knowledge of and access to while performing his subsequent Appraisal.

For over a month, CPIII has attempted to gain access to the July 2009 Appraisal referenced in Mr. Shorett's Appraisal Report. However, access and production has been a moving target. As evidenced in Appendix "A," on May 13, 2011, CPIII sent a letter to GECC asking if it would accept service of subpoenas for Peter Shorett of Kidder Mathews, Robert Taylor of Cushman & Wakefield, and David Rifkind of George Smith Partners, requesting, among other things, the production of the July 2009 Kidder Mathews Appraisal. It was not until Friday, June 3, 2011, three weeks later, that GECC informed CPIII that Kidder Mathews must be subpoenaed directly and GECC would not accept service on its behalf. This revelation was promptly followed by a Friday afternoon filing and numerous objections to all three subpoenas. (Docket No. 308, Munding Decl., Ex. C). CPIII needed the July 2009 Appraisal for Mr. Gibbons' Review of Mr. Shorett's Appraisal work. (Docket No. 301-3). Mr. Shorett's work is believed to fall short of the Uniform Standards of Professional Appraisal Practice ("USPAP") and WAC 308-125-200. Furthermore, CPIII needs the July 2009 Appraisal so it can assess the credibility of Mr. Shorett's Appraisal. CPIII speculates that, in a rush to present evidence in support of its Motion to Lift Stay, Mr. Shorett cut and pasted elements from the July 2009 Appraisal. This speculation is

REPLY TO GECC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL- 4

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER, PH 2290
111 S. POST STREET
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11   Doc 319   Filed 06/08/11   Entered 06/08/11 11:12:16   Pg 4 of 10

based, in part, on the foliage on the trees depicted in Mr. Shorett's Appraisal. (Docket No. 223-2, p. 5-11). These photos could not have been taken by Mr. Shorett when he conducted his Appraisal on March 25, 2011 since the trees were bare then. GECC needs to produce the evidence relied upon by Mr. Shorett.

E. <u>Cushman & Wakefield Records</u>

Neither GECC nor its Counsel denies that Cushman & Wakefield was hired last fall to conduct an appraisal on behalf of GECC. Neither GECC nor its Counsel denies that Robert Taylor of Cushman & Wakefield began that process and conducted a site visit to the Battelle Property for purposes of preparing his appraisal. GECC obviously did not like the contents of the Cushman & Wakefield Appraisal work. Now, GECC attempts to hide behind its designation of Robert Taylor as a "consulting expert" retained in preparation of litigation. There was no "consulting," in fact, GECC's Counsel admits that Mr. Taylor was retained as its appraiser. (Docket No. 308, Munding Decl., Ex. B). Nonetheless, in its Response to Debtor's Motion to Compel, GECC asserts that since Mr. Taylor was retained in anticipation of litigation, absent exceptional circumstances, his work is protected by the attorney-client privilege and the work product doctrine. (Docket No. 316, p. 12-13, ll. 24, 1-2). The Debtor concedes that Rule 26(b) prevents discovery of Mr. Taylor's work absent exceptional circumstances. However, "shopping" for an expert witness has been held to create an

REPLY TO GECC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL- 5

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER, PH 2290
111 S. POST STREET
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 319    Filed 06/08/11    Entered 06/08/11 11:12:16    Pg 5 of 10

exceptional circumstances "sufficient to fall within [Rule 26(b)(4)(B)'s] exceptional circumstances exception." *Coates v. AC & S Inc.,* 133 F.R.D. 109, 110, 21 Fed. R.Serv.3d 94 (E.D.La.1990). The *Coates* Court reasoned that if a number of experts have been consulted and those experts are not called as witnesses, then the jury could be mislead regarding the truth. *Id.* The Court opined that a different holding would effectively "adopt the theory that in a civil case, as part of its trial tactics, a party has the right to suppress the truth." *Id.* Here, it is readily apparent that GECC is shopping for an expert that will provide an appraisal in line with GECC's needs. Why Mr. Taylor's services were insufficient to GECC is unknown to CPIII; however, the evidence suggests that Mr. Taylor's Appraisal valuation was unacceptable so Mr. Shorett was retained as an afterthought. The extensive appraisal history of the Battelle Property is useful here and is as follows:

- March 2006 – CB Richard Ellis Appraisal ($78,000,000)

- April 2006 – Integra Realty Services Appraisal ($79,000,000)

- June 2007 – CB Richard Ellis Appraisal ($100,000,000)

- June 2008 – CB Richard Ellis Appraisal ($98,000,000)

- July 2009 – Kidder Mathews Appraisal (Undisclosed by GECC)

- October 2010 – Cushman & Wakefield Appraisal work (Undisclosed by GECC)

REPLY TO GECC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL- 6

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER, PH 2290
111 S. POST STREET
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 319    Filed 06/08/11    Entered 06/08/11 11:12:16    Pg 6 of 10

- March 2011 – Kidder Mathews Appraisal ($64,000,000)
- May 2011 – Gibbons' Review of Kidder Mathews Appraisal ($85,500,000)
- April 2011 – Chamberlin & Associates Appraisal ($87,886,000)
- June 2011 – Gibbons' Review of Chamberlin & Associates Appraisal ($87,886,000)

Mr. Shorett's Appraisal concluded that the Battelle Property has a net-market value of $62.08 million. Of the ten (10) appraisals of the Battelle Property conducted in the past five (5) years, Mr. Shorett is the only appraiser to arrive at such a low figure. It is also ironic that Mr. Shorett's conclusion is almost an exact match of GECC's alleged secured debt. A reasonable person could conclude that Mr. Shorett's valuation conclusion was engineered to achieve that result enabling GECC to move forward with its Motion to Lift Stay. The truth concerning the veracity of Mr. Shorett's appraisal method will be tested, in part, by the Cushman & Wakefield documents.

F. Continuance of July 2011 Trial

The first notification that CPIII or its Counsel received that GECC needed a continuance came after the following events:

- May 13, 2011 – Debtor served GECC with Interrogatories and Requests for Production.

REPLY TO GECC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL- 7

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER, PH 2290
111 S. POST STREET
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 319    Filed 06/08/11    Entered 06/08/11 11:12:16    Pg 7 of 10

- May 13, 2011 – Debtor served GECC with records subpoenas for Cushman & Wakefield, Kidder Mathews, and George Smith Partners after GECC indicated it would accept service. (Appendix "A").

- June 1, 2011 – Debtor filed its Response to GECC's Motion for Relief from Stay. (Docket No. 300).

- June 1, 2011 – Debtor filed the Chamberlin Appraisal. (Docket No. 303, 304, 305).

- June 1, 2011 – Debtor filed Mr. Gibbons' Review of Mr. Shorett's Appraisal. (Docket No. 301-3).

- June 3, 2011 – Debtor and GECC engage in a discovery conference.

- June 6, 2011 – Debtor files Motion to Compel discovery from GECC. (Docket No. 307).

Despite GECC's self-imposed, aggressive litigation style, when its lawyers instructed CPIII that it needed scheduling accommodations, CPIII's Counsel responded:

> Our standard approach to litigation and procedural matters is to facilitate and agree to reasonable requests concerning discovery, extensions of time, and procedural matters. While I am concerned about whether or not GECC would reciprocate under similar circumstances, I will attempt to accommodate reasonable requests from opposing counsel.
>
> I am available Tuesday afternoon or Wednesday morning to discuss GECC's request, through its counsel of Latham & Watkins, to continue the presently scheduled Lift Stay hearing. I scheduled a hearing for Thursday morning, June 9, 2011, on the previously cited Motion to Compel. If we are able to reach agreement, we should inform the Court sooner rather than later. Also, we should check the Court's availability in late September and/or early October.

REPLY TO GECC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL- 8

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER, PH 2290
111 S. POST STREET
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 319    Filed 06/08/11    Entered 06/08/11 11:12:16    Pg 8 of 10

(Docket No. 317, Quartarolo Decl., p. 18, Munding Letter, June 6, 2011). CPIII will not oppose the continuance of the trial to October 3, 2011, despite the economic hardship and time constraints imposed by GECC's prior demands.

## II. CONCLUSION

CPIII's Motion to Compel was, and remains, necessary to move this case forward. The information requested is necessary to verify the conclusions reached by GECC's appraiser, Mr. Shorett. The Debtor believes that Mr. Shorett's Appraisal is not well grounded in fact, but cannot fully investigate this belief while GECC does not produce documents consistent with this premise.

It is anticipated that GECC will seek to revise Mr. Shorett's Appraisal through a flurry of expensive discovery and motion practices after the continuance is granted. CPIII's Counsel further anticipates that any new valuation will be adjusted upward to be consistent with GECC's alleged debt owed at the time of the new Lift Stay hearing in October. While CPIII is prepared to meet this anticipated strategy, it remains concerned about the hundreds of thousands of dollars being spent.

CPIII requests this Court's assistance in obtaining discovery, or in the alternative, to bind GECC to the evidence it presented, which GECC has already asked the Court to consider and rely upon.

REPLY TO GECC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL- 9

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER, PH 2290
111 S. POST STREET
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11    Doc 319    Filed 06/08/11    Entered 06/08/11 11:12:16    Pg 9 of 10

Dated this 8th day of June, 2011.

                              CRUMB & MUNDING, P.S.

                              _____
                              JOHN D. MUNDING, WSBA #21734
                              Attorney for Centurion Properties III, LLC

REPLY TO GECC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL- 10

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER, PH 2290
111 S. POST STREET
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

10-04024-FLK11   Doc 319   Filed 06/08/11   Entered 06/08/11 11:12:16   Pg 10 of 10